## ROBINSON v. GOULD *et al.*

Deed: DELIVERY: PRESUMPTION ARISING FROM RECORD. Where a deed, beneficial in its character to the grantee, has been properly acknowledged and recorded, the presumption of law, in favor of the grantee is, that it has been delivered; and the burden is upon the party claiming the non-delivery to clearly rebut this presumption.

*Appeal from Delaware District Court.*

THURSDAY, OCTOBER 29.

DEED: DELIVERY: PROOF OF: EVIDENCE, ETC. — The defendant, Libbie E. Gould, is the widow (since intermarried with Gould, her present husband) of one Anthony Robinson, deceased, who was a brother of the plaintiff.

In his petition, filed in 1866, the plaintiff alleges that, on the 15th day of November, 1856, he made unto his brother, Anthony Robinson, now deceased and afterward husband of defendant, a warranty deed to the forty acres of land in controversy, in Delaware county, Iowa, and filed the same for record, and that at the time, he contemplated selling the land to his said brother for a valuable consideration, but that afterward, not having received

| 26 | 89 |
| 88 | 240 |
| 26 | 89 |
| 92 | 153 |
| 26 | 89 |
| 100 | 480 |
| 26 | 89 |
| 111 | 252 |
| 111 | 642 |

any consideration for the land from Anthony, who failed to complete the bargain for the same, he, the plaintiff, preferred not to part with his title, and changed his design of selling the land.

The petition also alleges the death of the said Anthony, which is shown by the evidence to have occurred July 2, 1865; that he left a widow (now the said Libbie E. Gould, the defendant) and one child, who died intestate before the commencement of this suit, leaving the defendant, Libbie E., the sole heir of the said child.

The petitioner alleges that the said deed is a cloud upon his title, and prays for a decree that the defendant make a deed to the plaintiff for the land, and be barred from setting up any title thereto, or that the said deed to Anthony Robinson be canceled, and for general relief. The answer puts in issue the material averments of the petition. Testimony was taken by the parties, and on the hearing, the court entered a decree for the defendant, dismissing the petition for want of equity.

The plaintiff appeals.

The cause was submitted on written arguments.

*House & Heath* for the appellants.

*S. G. Van Anda* for the appellee.

DILLON, Ch. J. — The plaintiff made the deed to his brother Anthony in 1856, and caused the same to be recorded. His brother did not die until nearly nine years thereafter, and this suit was not commenced until after the brother's death and the death of his only child. The plaintiff, in his petition, claims that this deed was made in view of a contemplated sale of the land to his brother, which the latter failed to complete, and that never having received any considera-

DEED: delivery; presumption arising from record.

tion for the land, the plaintiff altered his mind and preferred not to part with his title.

Of these allegations, so far as they relate to a contemplated sale of the land to his brother, as the reason why the deed was made and recorded, there is no evidence whatever.

In his own testimony as a witness, the plaintiff claims, that he received no consideration for the deed, and that his brother never had any notice of it, and hence never assented to it. But he nowhere testifies, that there was any bargain or sale, or contemplated sale of the land; but he says that he made the deed and caused it to be recorded without his brother's knowledge; that he never delivered it, and that after it was recorded he took it away from the recorder's office and has had possession of it ever since.

The plaintiff, when being examined as a witness, was asked why he made the deed and had it recorded. He gives this singular and most improbable explanation. We extract from his evidence all he states on this subject. He says: "I made the deed because I thought I had a right, if I saw proper; the object of making the deed was this: I considered that so long as I kept the deed, it was my own, and that I might keep it so long as I lived, and at any time could say what Anthony Robinson it was I was making it to."

"Q. For what purpose did you have the deed made and recorded? A. I was a single man then, and did not know what I should do, and thought that I could at any time say to what Anthony Robinson I made it; I did not make up my mind at all as to what Anthony Robinson I would deliver the deed to; there was at the time I made the deed to Anthony, no other Anthony Robinson, but there is now another, and, at the time, I thought there might be."

Were the witness not under oath, it would be difficult to believe him to be serious in telling this absurd story. The defendant testifies, that the plaintiff told her that the reason why he had conveyed the property to her husband, was that the plaintiff "was the surety of one Moran, who had left the country, and that they were coming on him to pay the debt, and that he thereupon put the property into Anthony's hands."

The plaintiff, in his testimony, does not deny this conversation with the defendant, but does deny that such was the reason why he made it, and also denies that he was "at that time surety for any of the Morans."

The land in question is forty acres of timber land; and it is shown by the Robinson family, that after the date of the deed and down to the time of Anthony's death, the plaintiff was in the habit of getting his wood, etc., from it, and that it was called his land, and even referred to as his by Anthony.

It will thus be seen, that the plaintiff rests his right to relief wholly upon the proposition that the deed to Anthony *was never delivered*, and, consequently, the title never passed, but remained in the plaintiff.

If the deed was delivered, the title of course passed, and the deed could not be defeated by showing that the consideration therein recited was in fact never paid.

It is therefore unnecessary to decide whether Anthony ever paid any consideration for the land. That question is immaterial in this case. The deed in question is absolute and unconditional, and beneficial in its character to the grantee. Certain propositions of law bearing upon the controversy may be stated. Delivery is, of course, essential to a valid conveyance. If there was no delivery of this deed, it could not take effect, and the plaintiff would be entitled to relief. What constitutes a delivery, or from what circumstances a delivery will be inferred,

are points upon which the courts have not always agreed. If this deed, after being signed and acknowledged by the grantor, had been placed of record by him, with the intention of making the recording stand for a delivery, it is clear that the title would pass to the grantee if he should afterward assent to the same. The cases differ on one point. Some of them hold, that there can be no delivery of a deed without an actual knowledge of its existence and an assent to it. *Maynard* v. *Maynard*, 10 Mass. 456, and see also other cases cited, 2 Wash. Real Prop. 581, mar. p. 29.

On the other hand it has been held, that where, as in this instance, the deed is beneficial in its character, actual knowledge by the grantee of the conveyance is not essential, because his assent will be presumed from the advantageous nature of the conveyance, and that this presumption can be overthrown only by proof of dissent, since, if this be not the law, a deed to an infant cannot be sustained. *Mitchell* v. *Ryan*, 3 Ohio St. 377 ; *Falk* v. *Varn*, 9 Rich. Eq. 303 ; *Wall* v. *Wall*, 30 Miss. 91 ; 2 Wash. Real Prop. 582, 31.

Without entering upon this discussion, we may admit in the plaintiff's favor (the grantee being an adult), that there can be no consummated delivery without knowledge of the deed by the grantee, and an assent, actual or presumptive, to it.

The cases hold that, where a deed, beneficial to the grantee, has been properly acknowledged and recorded, the presumption of law in favor of the grantee is that it has been delivered. *Foley* v. *Howard* (8 Iowa, 56) is a case where, unlike the present, the grantees, instead of claiming under the deed, denied all knowledge of it, and it was not advantageous, but injurious to them.

The burden of proof, therefore, is on the plaintiff to establish the non-delivery of the deed, that is to negative

the presumed knowledge of the deed on the part of Anthony, and his presumed assent to it. And as he seeks to divest an apparent title to land conferred by a deed which had been on record over nine years before this suit was brought, and failed to bring suit until the grantee's lips have been closed by death, it is incumbent on him to make out a case plain, clear and decisive. Admitting, as we do, that the plaintiff's proposition that his brother Anthony, though all the time living in the neighborhood, both of the plaintiff and the land, has never in fact had any notice of the deed, and hence never assented to it, finds very much support in the evidence, yet (and this is the distinct ground on which we place our decision) there is not that fullness, and satisfactory degree of proof which courts ought to require to divest a title against heirs presumptively conferred by a recorded deed of such long standing as the one which is in question in this case.

Affirmed.