SARAH GRACE DAVIS, Appellee, v. J. J. HALL, Appellee, and ERMINE E. BARTELS and AUGUST BARTELS, Appellants.

Deeds: PRESUMPTION OF DELIVERY. The execution and recording of
1 a conveyance create a presumption of delivery, but this presumption may be overcome by clear and satisfactory evidence.

Evidence: WAIVER OF OBJECTION. Objection to the competency of a
2 husband to testify to transactions with his deceased wife, when not raised until after he had given his version of the transactions, may be treated as waved.

*Appeal from Woodbury District Court.*— Hon. GEORGE W.

WAKEFIELD, Judge.

MONDAY, OCTOBER 23, 1905.

ACTION in equity for partition of real estate. Decree dismissing bill, and the defendants Ermine E. Bartels and August Bartels appeal.—*Affirmed.*

*R. E. Evans* and *Sullivan & Griffin,* for appellants.

*J. A. Prichard,* for appellees.

WEAVER, J.— The real estate in question was formerly the property of Jonathan Hall, who conveyed the same to his son, the defendant J. J. Hall, in the year 1875. In the year 1876 J. J. Hall executed a deed for the same premises to his wife, Sarah J. Hall, and the record title remained in her until her death in the year 1883. After the death of Sarah J. Hall her husband remained in possession of the property, claiming, using, and controlling the same as his own, until the institution of this action on February 7, 1902. By his answer J. J. Hall alleges that he is, and at all times since the conveyance to him by his father has been, the owner of the property, and that the deed to his wife was never made effective by delivery. It is his claim, and the testimony tends strongly to sustain it, that he executed the deed and left it in the hands of the notary, subject to his own order, and that the notary, by mistake or in disobedience of his instructions, caused the instrument to be recorded. The wife does not appear to have ever claimed or exercised the rights or authority of ownership over the land, and for nearly twenty years after her death the children left their father in its undisturbed possession and use. Before the case came on for trial most of the children had made conveyance to their father of all their interest, real or appar-

ent, in the property, and, from the decree confirming in him the title to the entire estate in the land and denying partition, the daughter Ermine Bartels alone appeals.

The question presented is one of fact alone, and upon this we are disposed to agree with the conclusion of the trial court. It is true that the execution and recording of a conveyance create a presumption of sufficient delivery, and this presumption can be overcome only upon a clear and satisfactory showing.

1. DEEDS: presumption of delivery.

But the conceded facts in this case, re-enforced by the testimony of several witnesses to conversations with Sarah J. Hall in her lifetime concerning the title to the land, amply sustain the decree appealed from.

The objection to the competency of J. J. Hall to testify to the transaction with his wife was not raised when he was sworn, or when he was asked to relate the facts and circumstances as to the making of the deed to his wife, but was put forward for the first time after the witness had testified to his version of the transaction.

2. EVIDENCE: waiver of objection.

This we think was too late, and the court was justified in treating the objection as waived.

In any event it is our judgment that the decree is well sustained by the evidence, and it is therefore *affirmed*.