ELIZABETH MATHESON, Appellee, *v.* WILLIAM A. MATHE-
   SON AND OTHERS, Appellants, and BUENA VISTA
   COUNTY, Appellee.

**Deeds:** DELIVERY.  Delivery of a deed to a third person for the
1  grantee, with no reservation by the grantor of a right to re-
   call, is sufficient delivery and effects a complete transfer of the
   title to the property described therein.

**Same:** ACCEPTANCE: PRESUMPTION.  Where a deed purporting to
2  convey valuable property and creating no obligation to be
   assumed by the grantee is delivered into the possession of
   the grantee, or a third person for his benefit, acceptance will
   be presumed until the contrary is shown.

**Same:** DESTRUCTION OF DEED BY GRANTOR.  The destruction by the
3  grantor of an unrecorded deed which had become effectual by
   delivery, in which act the grantee in no way acquiesced or
   consented, will have no effect in law or equity upon the title
   of the grantee in the property.

**Same:** ESTATES OF DECEDENT: ELECTION OF REMEDIES: ESTOPPEL.  The
4  fact that a widow as the administratrix of her husband's es-
   tate, through misapprehension of her rights, listed lands which
   the husband had conveyed to her as part of the assets of the
   estate, obtained an allowance for a year's support and made
   application to have her dower established in the same and
   other lands, does not constitute an election of remedies, which
   will defeat her claim to the land so conveyed to her upon
   discovery of her right; nor will the same constitute an estop-
   pel, in the absence of any showing that the other heirs have
   been led by her acts into a more unfavorable position than
   they would have occupied had she asserted her rights at the
   outset.

**Partition:** ENCUMBRANCE: RIGHTS OF WIDOW.  A widow who joined
5  with her husband in the execution of a mortgage to secure
   his debt should only be held liable therefor as surety, and
   she is entitled to be protected against loss by reason of such
   liability, by making the mortgage a charge primarily upon
   the shares of his estate set apart to the heirs at law.

*Appeal from Buena Vista District Court.*— HON. A. D.
                    BAILIE, Judge.

TUESDAY, SEPTEMBER 29, 1908.

ACTION in equity to establish the plaintiff's rights in certain lands, and for partition. Decree as prayed, and defendants, except Buena Vista county, appeal.— *Affirmed.*

*W. C. Garbason* and *Parsons & Parsons,* for appellants.

*James De Land,* for appellee Elizabeth Matheson.

*A. L. Whitney,* for appellee Buena Vista county.

WEAVER, J.— The evidence shows with but little substantial dispute the following facts: On March 1, 1894, Samuel Matheson, being then somewhat advanced in age, married the plaintiff herein. On June 25, 1905, the said Matheson died intestate, leaving the plaintiff, his widow, and several children by a former marriage his heirs at law. Prior to the date of his marriage, the deceased owned a quarter section of land in Buena Vista county, upon which there was a mortgage indebtedness of $600 owing to the school fund of said county. Shortly before his marriage to plaintiff, Matheson visited the office of Hon. E. E. Mack, a practicing lawyer at Storm Lake, and executed a deed in due form to his intended wife, Elizabeth Harvey, for the west one-half of said tract of land. This instrument he left in the hands of Mr. Mack, with instructions to keep and give it to the grantee. Later, and after the marriage had taken place, Matheson called upon Mr. Mack and asked for the deed, but Mack declined to surrender it, and soon thereafter Matheson appeared again, accompanied by his wife, and the paper was thereupon delivered to her. The only evidence as to what became of it is the testimony of plaintiff, who says that, after reaching home on the day the deed was delivered to her, Matheson asked where it was, and she handed it to him, and that he then and there, without her consent and

against her protest, put it in the stove, and destroyed it. She had never read the deed, and could not of her own knowledge state its contents. Mr. Mack swears that it was the ordinary form of warranty deed, and he is corroborated in part by another witness who claims to have read the paper while in Mack's possession, and recognized it as an ordinary deed of conveyance. The only testimony in any way tending to discredit the claim that the conveyance was absolute is the testimony of several witnesses that at an interview with several members of her husband's family, in which there was some effort to compromise the matter without litigation, plaintiff said she understood the deed gave her a life estate in the property. Reliance is also placed on the fact that, after her husband's death, plaintiff listed the entire quarter section as part of his estate, but she explains that this was done because of her understanding that the destruction of the deed deprived her of any right thereunder. After the marriage and during the lifetime of Matheson, plaintiff united with him in making a new note and mortgage to Buena Vista county for the same indebtedness secured by the mortgage first above-mentioned. She says she signed the mortgage as surety only, and there is nothing tending to show that she received any consideration therefor other than the extension of time of payment of her husband's debt. Upon this showing, the trial court found for plaintiff, quieting her title in the west half of the quarter section, giving her a widow's share in the remaining lands, and making the debt due the county primarily a charge on that portion of the lands received by the heirs at law.

I.   Appellants argue that there is no sufficient showing of the delivery and acceptance of the deed. The point is not sustained by the record. The testimony of Mr. Mack,

1. DEEDS: de-      which is without substantial dispute by any
   livery.         person, shows a complete and perfect delivery. When the deed was placed in his hands for the benefit of the grantee, no other delivery was required to pass the

title. *White v. Watts,* 118 Iowa, 549. It is an elementary proposition in the law of deeds that the delivery to a third person for the grantee without any reservation by the grantor of a right to recall it is sufficient in law, and effects a complete transfer of the title to the property which is the subject of the conveyance. *Taft v. Taft,* 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291); *O'Neal v. Brown,* 67 Ga. 707.

But counsel say there must be an acceptance in order to make perfect the delivery, and there is no proof here that plaintiff accepted the deed. Where a deed or instrument

2. SAME: acceptance: presumption. purporting to convey valuable property and creating no obligation or burden to be assumed by the grantee is delivered to the manual possession of the grantee himself or to some third person for such grantee's benefit, his acceptance is presumed until the contrary is shown. *White v. Watts, supra; Chapin v. Nott,* 203 Ill. 341 (67 N. E. 833); *Brown v. Westerfield,* 47 Neb. 399 (66 N. W. 439, 53 Am. St. Rep, 532). There is nothing in the record to overcome this presumption with respect to the deed now in controversy. On the contrary, such evidence as there is tends to stengthen and support that inference. The fact that the grantee had not read the paper, and had the impression that it was for a life estate, does not deprive her of the benefit of the rule if she did not consent to the destruction of the deed, and asserted her rights thereunder when she became informed of its true nature.

II. It is true that the destruction of an unrecorded deed by the parties thereto with the intention by both to abandon the conveyance and restore the title to the grantor

3. SAME: destruction of deed by grantor. creates such an equitable right or interest in the latter that the grantee will be considered as holding the title in trust only for the benefit of the grantor. *Blaney v. Hanks,* 14 Iowa, 400; *Happ v. Happ,* 156 Ill. 183 (41 N. E. 39). But the facts developed in this case do not bring it within the rule here re-

ferred to. There is no showing whatever that the deed was destroyed with the concurrence or consent of the plaintiff, and we see no way to avoid the conclusion that the title to the land therein described became and remained vested in her. The title being once vested, the destruction of the deed by the grantor after the delivery was no more than the destruction of the written evidence of the conveyance, and had no effect in law or in equity upon the title of the grantee to the property conveyed.

III. The appellants seek to defeat the plaintiff's claim of title by an application of the rule concerning the election of remedies. This contention is grounded upon the proposition that plaintiff having originally listed the land as a part of her husband's estate, and having obtained her allowance for a year's support under the statute (Code, section 3314), and having in her original petition in this proceeding asked to have her dower established in this with other lands, she must be held to have elected to accept the rights of a widow in the land, instead of asserting title thereto under her deed. But we are of the opinion that the rule relied upon has no proper application here. In listing the property of the estate, the plaintiff was not instituting any action or proceeding for the determination of her rights in or to such property. The disputed question of title to land, as between the widow and heirs, could not under our practice be determined by probate proceedings for the settlement of the estate where the sale of such property is not required for the payment of debts or legacies. Generally speaking, that question may be settled only by some direct action at law or in equity in which the issue can be properly litigated. When, therefore, plaintiff as administratrix of her husband's estate, acting mistakenly or otherwise as to her rights in the premises, listed the land, she cannot be said to have elected to take or pursue a remedy for the determination of her own rights therein. It may be admitted that she might under some cir-

*4. SAME: estates of decedents: election of remedies: estoppel.*

cumstances so conduct herself with reference to the matter of administration as to estop her from thereafter claiming some right or rights which might otherwise be successfully asserted, but in this instance there is no showing that the heirs or any of them have been misled to their prejudice by the act of plaintiff in listing the land, and no ground of estoppel appears. The mere fact that the widow through misapprehension of her legal rights permits exempt property to get into the hands of the administrator as assets of the deceased husband's estate has been held not to defeat her right to said property. *Estate of Ring,* 132 Iowa, 216.

Nor do we see how the mistaken listing of lands of the widow as belonging to the estate will estop her from asserting her right thereto when the mistake is discovered, in the absence of any showing or suggestion that the heirs have been led by her act to incur any expense or have been placed in any more unfavorable position than they would have occupied had she asserted her right at the outset. Neither can the fact that at the beginning of this proceeding plaintiff claimed but a distributive share in the land be held such an election as to estop her from amending her pleading and enlarging her claim to include the entire estate therein. She came into court asking to have her rights as widow established in all of the lands of which her husband died seised, and at first included this land with others in her petition. Later, when, as the evidence tends to show, she for the first time discovered that her rights under the deed were not lost by its destruction, she amended her petition by limiting her claim for distributive share to those lands not included in said deed, and asked that her title to this particular tract be quieted against the claims of the heirs. It is very clear that these facts do not present a case where a plaintiff upon the same transaction or state of facts may pursue either one of two or more remedies. If, as she claims, the deed to plaintiff had been delivered, and she had not concurred in its destruction, she was not put to a choice between inconsistent

remedies, and there can be no occasion for resorting to the rule respecting an election. While she had two rights of action — one for the establishment of her rights as grantee in the deed and another for the establishment of her rights as widow in lands of which her husband died seised — the two rights were based upon different states of fact, and pertained to different tracts of land. Her right of dower or distributive share could attach to no land other than that of which Matheson died seised, and, if after beginning her action she discovered and asserted her right to the entire fee in one tract, there is nothing to preclude her from pursuing such course in the absence of any sufficient plea and proof of matter amounting to an estoppel.

It is not seriously contended that the court erred in relieving the plaintiff from any personal liability save as surety for her husband's bond or debt to the school fund. 5. PARTITION: encumbrance: rights of widow. The testimony clearly shows that the indebtedness originated long before the marriage with plaintiff, and that her husband was the principal debtor. This, of course, does not relieve her from liability to the county, but she is entitled to be protected against loss by reason of such liability in the distribution of the proceeds arising from the partition sale of the land.

We are satisfied with the correctness of the decree as entered by the trial court; and it is *affirmed*.