ELLEN J. TUCKER, Appellee, v. EMANUEL W. GLEW, et al., Appellants.

Reformation of instruments: BURDEN OF PROOF.   One seeking to
1   reform an alleged misdescription in a deed has the burden of showing the execution and delivery of the instrument, and of establishing the alleged mistake by clear and satisfactory evidence.

Conveyances: DELIVERY: PRESUMPTION.   The due execution and
2   recording of an instrument raises a presumption of its delivery not later than the date of its acknowledgement, but this presumption is not conclusive and it may be overcome.

**Same:** RECITAL OF CONSIDERATION: EFFECT. A conveyance which recites a valuable consideration as having been paid cannot be converted into a trust or made testamentary in character by showing that there was no consideration.

**Reformation of instruments:** EVIDENCE. In this action to reform a deed, the evidence is held to show a technical mistake in the description of the property, which was the only property the grantor had, and to justify a reformation of the instrument.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

TUESDAY, JANUARY 21, 1913.

ACTION for the reformation of a deed made by William W. Haller, widower, during his lifetime to the plaintiff, and to quiet her title to the property, the description of which she asked to have inserted in the deed. Defendants denied the execution or delivery of any deed by Haller during his lifetime, denied that there was any consideration for the deed, and further alleged that Haller died seised of the real estate in controversy, and that they, with the plaintiff, are his children and heirs at law and the owners thereof, and they asked that plaintiff's petition be dismissed. On the issues joined the case was tried to the court, resulting in a decree for the plaintiff, and defendants appeal.—*Affirmed.*

*S. B. Lattner* and *E. E. Bowen,* for appellants.

*Hurd, Lenehan & Kiesel,* for appellee.

DEEMER, J.—William W. Haller was at one time the owner of the property in controversy, which is described as follows:

Lot 2 of Walker's addition to the town of Farley, lots 3 and 6 of a Subd. of part of the S. ½ S. W. ¼ of the N. E. ¼ of Sec. 7 and the E. ½ of lot 2 of a Subd. of the N. ½ of the S. W. ¼ of the N. E. ¼ of Sec. 7, Twp. 88 N., R. 1 W. of 5th P. M.

This was all the property, real or personal, owned by

him on the 14th day of November, 1910. On that date he appears to have executed a deed to plaintiff of certain property, which he described as follows:

The E. ½ of lot 2 of Lawrence McGuigan's Subd., also lot 3 and the N. ½ of lot 6 and the S. ½ of lot 6 of Walker's Subd. and lot No. 2 of Walker's Add. to Farley, situate in the S. W. ¼ of the N. E. ¼ of Sec. 7, Twp. 88 N., R. 1 W. of the 5th P. M.

It is alleged in the petition that:

The land described in said deed was and is identically the same as the land owned by the said Wm. W. Haller in his lifetime, and intended to be conveyed by said deed of conveyance to this plaintiff; that the E. ½ of lot 2 of Lawrence McGuigan's subdivision is the same lot as the E. ½ of lot 2 of a subdivision of the N. ½ of the S. W. ¼ of the N. E. ¼ of section 7, and lots 3 and 6, described in said deed of Walker's subdivision, are the same as lots 3 and 6 of the subdivision of the S. ½ of the S. W. ¼ of the N. E. ¼ of section 7, and lot 2 of Walker's addition to Farley is a correct description of said lot 2 owned by the said Wm. W. Haller in his lifetime, and as situated in the S. W. ¼ of the N. E. ¼ of section 7; that some question having arisen as to the identity of said description of real estate in the deed of conveyance from said Wm. W. Haller in his lifetime to plaintiff with the lots in the subdivision of parts of the N. ½ of the S. W. ¼ of the N. E. ¼ of section 7 and the S. ½ of the S. W. of the N. E. of section 7, as hereinbefore described, plaintiff avers the identity of said descriptions: and that whatever technical difference there was or is in the same the land described in the said deed of Wm. W. Haller to plaintiff was the land owned by him in said section 7, and none other, was the homestead of the said Wm. W. Haller in his lifetime, and was intended by the conveyance to this plaintiff to be conveyed by the deed aforesaid.

I. The deed to which we have referred purports to have been signed on the 14th day of November, 1901, and it was

1. REFORMATION OF INSTRU-MENTS: burden of proof.

acknowledged by a notary on that day, although it was not filed for record until the 11th day of November, 1907. It recites a consideration of $2,500 in hand paid by plaintiff, and contains

full covenants of warranty. Defendants deny the execution or delivery of the deed, and aver that no consideration ever passed for the same. They further say that no mistake is shown in the description by that quantity of testimony required, and claim that most, if not all, of the testimony offered by plaintiff to prove the alleged mistake was incompetent, and the witnesses incompetent, under section 4604 of the Code. The burden, of course, is upon plaintiff to show the execution and delivery of the deed, and also to prove by clear and satisfactory testimony the alleged mistake.

But having shown a duly executed deed and produced evidence of the recordation thereof, presumption of delivery arises; and this delivery not later than the

2. CONVEYANCES: delivery: presumption.

acknowledgment of the instrument. *McGee v. Allison,* 94 Iowa, 531; *Robinson v. Gould,* 26 Iowa, 89; *Nowlen v. Nowlen,* 122 Iowa, 542, and cases cited. Of course, nondelivery may be shown; for the presumption is not conclusive. The other testimony, instead of negativing the presumption, tends to support it; and there is no diffculty in finding a delivery of the deed.

II. A consideration is presumed; but were that not so the deed cannot be defeated by showing want

3. SAME: recital of consideration: effect.

of consideration. It recites a valuable consideration in hand paid, and cannot be converted into a trust or made testamentary in character by a showing of no consideration. This rule is so familiar that no cases need be cited in support thereof.

III. The burden is upon plaintiff to show a misdescription of the property by competent testimony and from competent

4. REFORMATION OF INSTRUMENTS: evidence.

witnesses; and this, we think, she did. That deceased intended his deed to have some effect, we must assume. He had but the one piece of property, and this was his "home place." He frequently spoke of having deeded this home place to plaintiff. These declarations he made to perfectly competent witnesses. Again, in December of 1905, he attempted to make a will, and

in this he said: "What remains aside from my homestead which I have deeded to my youngest daughter, Ellen J. Tucker, my little dab of money which is left after the funeral expenses are paid, $300.00 must be paid to Alta Glew for her mother's share." He also gave reasons for deeding the land to plaintiff; and on the whole record it is reasonably clear that he made a technical mistake in the description, and that the deed was correctly reformed as prayed.

No error appears, and the decree must be, and it is, *Affirmed.*