MAY E. MATHERS et al., Appellants, v. JAMES W. SEWELL et al., Appellees.

DEEDS: Delivery—Conclusive Presumption. The act of the grantee in an unconditional warranty deed in taking the deed into his possession, in response to the direction of the grantor so to do, and the subsequent unquestioned retention of such possession up to and after the death of grantor, generate a conclusive presumption of completed delivery, in the absence of clear and convincing testimony to the contrary.

**EVIDENCE: Declarations—Impeachment of Title.** Principle reaffirmed
2    that a delivered deed may not be impeached by the subsequent
     declarations of the grantor.

*Appeal from Clinton District Court.*—F. D. LETTS, Judge.

FEBRUARY 14, 1922.

ACTION in equity, to set aside a deed. The petition alleged
mental incapacity, undue influence, and nondelivery. Plain-
tiffs' petition was dismissed, and they appeal. The facts appear
in the opinion.—*Affirmed.*

*Lee R. Harding* and *George F. Skinner,* for appellants.

*Wolfe, Wolfe & Claussen,* for appellees.

FAVILLE, J.—One Luella Sewell was the owner of Lots 1
and 2 in Block 8 in Ringwood No. 2 Addition to the city of
Clinton. On the 12th day of January, 1915, she had executed

1. DEEDS: delivery: her last will and testament, by the terms of
conclusive pre- which she devised said described lots to her
sumption. sister, Frances H. Mathers, reserving, however,
in said real estate a life estate for her husband, James W. Sewell.
The devisee named in said will predeceased the said testatrix,
and the appellants are her sole heirs at law, and claim a right
to the property in controversy in this action as such heirs of
the said predeceased devisee, under the provisions of Section 3281
of the Code.

On February 2, 1920, the said Luella Sewell signed and
executed two warranty deeds. By one of said deeds she con-
veyed said Lot 1 to her husband, James W. Sewell, and by the
other deed she conveyed said Lot 2 to the appellants herein.
It is conceded that the last named deed was never delivered to
the appellants.

The grantor died on the 22d day of February, 1920. Her
husband died on the 27th day of the following August.

This action is brought to vacate and set aside the deed to
Lot 1. Said deed was filed of record on the day following the
death of the grantor.

I. There is no sufficient evidence of either mental incapacity or of undue influence to have justified a decree in appellants' favor.

II. The case turns upon the question of the delivery of the deed in controversy. The said Luella Sewell and her husband, James W. Sewell, had been married about 18 years. Mrs. Sewell was 65 years of age, and her husband 94. From the fall of 1919 until her death, in February, 1920, the grantor was in poor health. On the same day in which the deed in question was executed, the grantor was taken from her home to the hospital, where she remained until the time of her death. The circumstances surrounding the execution and acknowledgment of the deed in controversy are not fully disclosed in the record. It appears from the evidence that, after the execution of the deeds, they were placed with other papers belonging to the grantor, in a bookcase or desk. On the day that the grantor left her home to go to the hospital, she told her husband to "get those deeds and take care of them." Thereupon, Mr. Sewell went to the bookcase and took the deed therefrom and placed the same in his pocket. On the Sunday following, it appears that the grantee had the deed in question in his possession, and after the death of his wife, he still had it in his possession, and gave it to his son at that time, who placed the same of record.

The question for our determination at this point is whether or not, on this state of facts, there was such a delivery as was sufficient to pass title to the grantee named in said deed. The deed is an ordinary form of warranty deed, without any limitations or conditions.

The question of delivery of a deed has been so frequently before this court that it is impossible and unnecessary for us to review the authorities at length. A few general rules applicable to the instant case may, however, be of service in arriving at a conclusion. There is no question, under the evidence, of the fact that the grantor in the deed personally directed the grantee to take the said deed in his possession and to "take care of it." The deed was unconditional upon its face, and the grantor caused the same to be placed in the hands of the grantee, by her specific direction. There was no expression on the part of the grantor that the delivery was conditional, or that the grantor

intended to retain any control whatever over the said deed. There was no expression of any purpose to have the deed restored to the grantor at any time, nor was there any condition or reservation expressed. There is no dispute in the evidence that the grantor specifically directed the grantee to "get those deeds and take care of them," and that, to the knowledge of the grantor, the grantee did so take the deed and take possession of it; and there is nowhere any claim that thereafter the grantor at any time, in any way, expressed to the grantee any desire that the deed be returned, or expressed any claim thereto, or in any way sought to disavow the delivery of the deed.

The appellants offered the testimony of a Mrs. Burham, who testified in regard to a conversation which she had with the grantor, Mrs. Sewell, after the deed in question had been executed and turned over to the grantee, under the direction of the grantor, in the manner heretofore described. The witness testified that, in said conversation, the grantor said, referring to the deeds:

2. EVIDENCE: declarations: impeachment of title.

"She wouldn't have them recorded then, because if she lived she didn't want it that way, but if she died, she wanted them recorded."

Even if this evidence were competent, it would not be sufficient to impeach the deed, which is unconditional on its face, and was placed in the possession of the grantee by specific direction on the part of the grantor. Furthermore, the rule is well recognized that declarations and admissions of a grantor after the execution and delivery of a conveyance cannot be received in evidence, to render ineffectual a solemn deed found after the death of the grantor in the possession of the grantee. *McGee v. Allison,* 94 Iowa 527; *Burch v. Nicholson,* 157 Iowa 502; *Cedar Rapids Nat. Bank v. Lavery,* 110 Iowa 575.

From the undisputed evidence in the case, it appears that the deed in question was in the possession of the grantee after the death of the grantor. Under such circumstances, the law presumes that there was a valid and legal delivery of the deed to the grantee, and that his possession thereof is rightful; and before such presumption can be overcome, the evidence to negative the same must be clear, convincing, and satisfactory. *Nichols v. Sadler,* 99 Iowa 429; *McGee v. Allison,* supra; *Potter*

*v. Potter,* 185 Iowa 559; *In re Estate of Brigham,* 144 Iowa 71; *Hild v. Hild,* 129 Iowa 649; *Nowlen v. Nowlen,* 122 Iowa 541; *Hall v. Cardell,* 111 Iowa 206.

In the instant case, the deed was duly executed and acknowledged by the grantor. The deed contained no limitation or condition. Under direction of the grantor, it was placed in the hands of the grantee, who retained the possession of same at all times thereafter until he delivered the same to his son, to be recorded, on the day following his wife's death. The presumption is in favor of a delivery to the grantee, with intent on the part of the grantor to pass the present title to the real estate described in said deed. We fail to find in the record any sufficient, competent evidence to overthrow the presumption of delivery, under these circumstances.

It is, however, strenuously contended, in behalf of the appellants, that the statement of the grantor at the time the deed was placed in the possession of the grantee negatives the thought of an intent to deliver the deed and to pass title thereby to the grantee. The grantor said to the grantee, "Mr. Sewell, get those deeds and take care of them;" whereupon, the grantee went to the bookcase and got the deed and put it in his pocket, and retained possession of the same thereafter.

We had a somewhat similar situation before us in *Potter v. Potter,* supra. The deed in controversy in that action was placed in an envelope, and the grantor handed the same to the grantee, saying, "Here are your papers, now put them in the bank and take care of them." There was also evidence that the grantor said, "Don't put them on record until after I am gone." The deeds were kept by the grantee in the bank for some time, but were taken therefrom, and were in the possession of the grantee at the time of the grantor's death, and were placed on record two days thereafter. We said:

"At the time they were delivered, nothing was said that indicated a purpose on his part that they should be held subject to his control or direction. It goes without saying that, if the papers were delivered to the defendant, with instructions to deposit them in the vault or any receptacle for the use and benefit of Marvin Potter, the mere act of handing the papers, with such instructions, would not be a delivery sufficient to

carry title. Here, however, we have an actual delivery of the instruments, duly executed, on their face passing absolute title, with no claim or right asserted, then or afterwards, to the instruments, on the part of the grantor. * * * We can safely rest our holding on the proposition that the finding of the deed in the possession of the defendant after the death of his father is a fact so strongly indicating a delivery before the death that, in the absence of any clear evidence overcoming the presumption that arises from possession, we must hold the delivery to have been complete during the lifetime of the deceased.''

The case at bar is stronger in its facts regarding the delivery than appeared in *McKemey v. Ketchum*, 188 Iowa 1081, wherein we held that delivery will be presumed from the execution and acknowledgment of a deed, supported by testimony of an intention to pass title to the grantee named therein, in a case where the grantor retained possession of the deed, and the same was found among his papers after his death, and there was no evidence of any manual delivery during his lifetime.

Summing the matter up, we have a situation where the grantor, the wife of the grantee, who is ill and about to be removed to the hospital, without fraud or undue influence, and while mentally competent so to do, executed a full warranty deed, without reservation or limitation, conveying property to her husband. This deed is placed in her desk among her papers. Subsequently she told her husband, the grantee, to ''get those deeds and take care of them,'' and to her knowledge he went to the bookcase and took the deed therefrom and put the same in his pocket, and thereafter retained the deed, giving the same to his son to be recorded, after the death of his wife, the grantor. The presumption that must be indulged under these circumstances, coupled with the fact of delivery in the manner set forth, is not overcome by that degree of clear, convincing, and satisfactory proof required to impeach such an instrument. The nurse testified that, after the deed had been executed, the grantor said to her that ''she wouldn't have them recorded then, because if she lived, she wouldn't want it that way.'' Grantor also stated to the father of the appellants, after the deeds were executed, and shortly before her death, as follows:

"I never left the Sewells one cent. I gave it all to my two nieces, Mona and May Mathers."

The evidence also shows that, shortly before her death, she told a neighbor that she "had everything, that she allowed the old man to stay there during his lifetime and the use of it, and after that it went to the girls." These declarations by the grantor, in so far as the evidence of the same is competent, are insufficient to impeach the validity of the deed in question, or to overcome the evidence and the presumption as to its delivery.

We are satisfied with the conclusion reached by the trial court, and the decree appealed from must be, and the same is,— *Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.