C. F. LATHROP, Appellee, v. C. W. KNOOP, Administrator, et al.,
Appellants..

LUCILE PIPKORN et al., Appellees, v. C. W. KNOOP, Administrator, et al., Appellants.

**DEEDS: Delivery—Insufficient Delivery.** No delivery of a deed of conveyance is shown by the act of the grantor (without the knowledge of the grantee) in executing and acknowledging the deed, with the continuing purpose in mind to change the grantee if the grantee predeceased the grantor, and thereafter retaining the deed among his (grantor's) private papers, with a memorandum attached to the deed, directing the grantor's executor to make delivery. (See Book of Anno., Vol. 1, Sec. 10084, Anno. 19 et seq.)

Headnote 1: 18 C. J. p. 208.

Headnote 1: 8 R. C. L. 985.

*Appeal from Black Hawk District Court.*—E. B. STILES, Judge.

NOVEMBER 16, 1926.

This is a consolidation of two actions in equity to enjoin the delivery of a deed. The relationship of the parties and the material facts are all stated in the opinion. Decree for plaintiff as prayed, and the defendants and interveners appeal.—*Affirmed.*

*P. H. Paulsen,* for appellants.

*J. C. Murtagh,* for appellee C. F. Lathrop.

*Pike, Sias, Zimmerman & Frank,* for appellees Lucile Pipkorn and Barton McCarty.

ALBERT, J.—This is a consolidation of two actions to restrain the delivery of a deed. Rena R. Lathrop died testate, survived by her husband, C. F. Lathrop, appellee in one action, from whom she had been estranged for many years, and by other relatives, including Maria Sadler and Jennie Barkow, sisters, who are named as grantees in the deed in question, and who

appear as interveners in both actions, and Lucile Pipkorn and Barton McCarty, residuary legatees, who are plaintiffs and appellees in the other action. C. W. Knoop, the defendant in both actions, is the administrator of Rena Lathrop's estate. On or about April 20, 1911, Rena and Charles F. Lathrop, who had then separated, or contemplated a separation, arranged a settlement of their property. As a part of such settlement, a deed was executed by them, with the name of the grantee blank, and delivered to Rena, with the intention of passing to her title to the property described. Nothing was done with the deed until August 22, 1923, when Rena appeared at the office of W. A. Hallowell, a notary public and real estate broker in Waterloo, and requested him to write her will and take her acknowledgment of the deed. A will was written and duly executed, and her acknowledgment to the deed taken. On this occasion, Hallowell, at the request and dictation of the grantor, wrote the names of Maria Sadler and Jennie Barkow with a lead pencil in the deed, as grantees. When the execution of the papers was completed, Mrs. Lathrop took them, and placed them in a safety box, with other private papers of hers, in the Black Hawk National Bank. Both of the sisters whose names were written in the deed were nonresidents of the state of Iowa, and learned of its existence for the first time after the grantor's death. At the time the names of the grantees were written in the deed by Hallowell, Mrs. Lathrop said that she did not want to spoil the deed, because she might have difficulty in getting her husband to sign another; that, if the names were written in pencil, they could be erased. The conversation on this point, as shown by the record, was as follows: Mr. Hallowell said to her, "Why don't you write this in?" (referring to the names), and she replied: "No, I don't want to spoil the deed. If either of them should die, or both of them die,—that is why I don't want to do that. The pencil could be erased." The deed was never actually delivered to the grantees or to any other person for them, nor was it recorded. It was, however, at all times kept in the safety box in the bank where it was first placed. Accompanying the deed and pinned thereto was the following note, written at the suggestion of, but not dictated by, Hallowell:

"Waterloo, Iowa, August 22, 1923.

"After my death I hereby authorize my executor to properly fill blank spaces, and pencilings with pen and ink in a certain deed he will find among my papers, and then deliver the deed to grantees in the deed. [Signed] Rena R. Lathrop."

Shortly after the deed was executed, Mrs. Lathrop, who was in ill health, went to Rochester, Minnesota, for consultation with physicians. Before leaving, she gave the keys of the safety box to Hallowell, with directions, if she did not return, to open the box and deliver the deed to the executors, as directed. Mrs. Lathrop, however, returned from Rochester, and resumed possession of the keys, but before going to California a little later, again placed them in the custody of Hallowell, who retained the same until after her death. Hallowell, as her agent, collected the rent for the premises, and sent her the proceeds so long as she lived. After the death of the grantor, Hallowell secured the box, removed the deed, with the note appended thereto, and delivered the same to the appellant, the administrator.

The sole question concerns the delivery of the deed. All of the authorities agree that the actual manual delivery of a deed to the grantee named is not necessary, to pass title. It is said in some of the cases that delivery may be effected by acts without words, or by words without acts, or by both words and acts. *Kyle v. Kyle,* 175 Iowa 734. The authorities are also harmonious that delivery may be made by the grantor to a third person, and become as effective to pass title as though made directly to the grantee. To effectuate a transfer of title, there must be delivery, actual or symbolical. In whatever form delivery is accomplished, there must be the intention of the grantor to transfer title, without any reservation of control thereover. *Albrecht v. Albrecht,* 121 Iowa 521; *Dolph v. Wortman,* 185 Iowa 630; *Abegg v. Hirst,* 144 Iowa 196. The decisions of this court holding that delivery is largely a matter of intention are too numerous to enumerate, but see *Dolph v. Wortman,* supra; *Leighton v. Leighton,* 196 Iowa 1191; *Dolph v. Wortman,* 191 Iowa 1364; *McKemey v. Ketchum,* 188 Iowa 1081; *Kyle v. Kyle,* supra; *Wilson v. Wilson,* 99 Iowa 688.

The record is clear in this case that Mrs. Lathrop desired to make a gift of the property described in the deed to interveners,

but that she desired to retain control of the property and receive the income therefrom during her lifetime. It is also apparent from her conversation with Hallowell that she did not intend by the acknowledgment of the deed and the writing in pencil of the names of interveners to pass a present title to them. There was at least the mental reservation that, if one or both of them should predecease her, she would erase the name of the one deceased, and perhaps insert some other, or insert the name of the surviving sister in ink, as sole grantee. She made it clear that she did not want to spoil the deed, and gave as her reason therefor that she might not be able to induce her husband to sign another instrument. The only inference to be drawn from her own testimony is that she contemplated changing the name or names of the grantees if she survived one or both of them. Had she delivered the deed to the grantees or to a third person, intending to pass title, the conveyance would have been irrevocable, and her intention, if occasion arose, to change the name of the grantees would have been defeated. The testimony is equally conclusive that she desired, if interveners survived her, that they should become the owners of the property. The grantor retained possession of the deed, and kept it always under her control. The delivery of the keys to the safety box to Hallowell, upon the occasion of her trip to Rochester, and later to California, where she died, was not for the purpose of parting irrevocably with the possession or control of the deed, but for convenience in assuring its final delivery to her executor. Hallowell testified that, had the grantor requested him to return the keys to her, he would have done so. There was never a moment of time, after the deed was executed, when it was not under the full control of the grantor, nor when any other person could have made delivery thereof to grantees for her. Had she left the deed with Hallowell or some other person to be handed to interveners after her death, intending thereby to transfer a present title to them, subject to the retention of possession and control during her life, the delivery would, under the rule in this state, have been sufficient. *Wilson v. Carter,* 132 Iowa 442; *Leaver v. Gauss,* 62 Iowa 314; *Tuttle v. Raish,* 116 Iowa 331. This she did not do. There was neither manual nor symbolical delivery of the deed. Mere intention to transfer title, without any act or form of delivery, is not sufficient to accomplish that purpose.

The note written and signed by the grantor and pinned to the deed was merely a direction to her executors, and is of no controlling probative value.   The use of the word ''delivery'' may or may not have been intended by her to be understood in the technical sense.   The result is unfortunate, because it defeats the wishes of the deceased, and vests title to the property in those whom she manifestly did not desire to have it.   The deed never having been delivered during the lifetime of the grantor, no title passed to interveners.

The decree of the court below is, therefore, right, and must be affirmed.—*Affirmed.*

EVANS, STEVENS, and MORLING, JJ., concur.