ANNA BOHLE, Plaintiff, Appellee, v. J. F. BROOKS et al., Defendants, Appellants.

No. 44390.

NOVEMBER 22, 1938.

REHEARING DENIED FEBRUARY 10, 1939.

982

Crary & Crary, for appellee.

Fred H. Free, for appellants.

MILLER, J.—On the 9th day of June, 1910, William Bohle, Sr., now deceased, as grantor made and executed two general warranty deeds, therein naming his wife, the appellee herein, as grantee. One of said deeds covered 439 acres of land situated in Woodbury County, and the other deed covered land situated in Plymouth County. At the same time, and as a part of the same transaction in which said two deeds were executed, the appellee, as grantor, made and executed six general warranty deeds, in which deeds the children of herself and husband were separately named as grantees; each of said deeds covering separate tracts of real estate, which tracts in their entirety comprised all the real estate described in the two deeds executed by William Bohle, Sr. One of said six deeds named William Bohle, Jr., the ward of appellant Ida Bohle, as grantee, and covered the 80 acre tract of real estate involved herein.

On said date of June 9, 1910, William Bohle, Sr. was afflicted with an incurable cancer. A day or two preceding June 9, 1910, he had a conversation with F. F. Nicolls, the then cashier of the Farmers Savings Bank of Pierson, in reference to the disposition of his property, wherein he told Nicolls what he wanted done with his property, and instructed Nicolls to draw deeds to the appellee for all his property in Woodbury and Plymouth Counties. In relation thereto, Nicolls testified that Mr. Bohle gave him instructions as to how to prepare the papers; that he did not recall just what the instructions were with reference to the deeds to the children, but that he made the deeds according to Mr. Bohle's instructions. Following this conversa-

tion, Nicolls prepared the eight deeds above referred to; and on said 9th day of June, 1910, in the company of J. F. Brooks, appellant herein, and the then president of the Farmers Savings Bank of Pierson, brought the deeds to the home of William Bohle, Sr.

Mr. Nicolls, Mr. Brooks, and the appellee herein, all testified as to the transactions at the home on June 9, 1910, in connection with the execution of all eight deeds. Objection, however, was interposed that Mr. Brooks was incompetent as a witness to testify as to said transactions with the deceased under the provisions of section 11257 of the Code of Iowa, on account of the fact that he was a party to this action. Even tho the interest of Mr. Brooks is only nominal, yet he is a party to the action, and in conformity with the statute and our former pronouncements, as such party he is incompetent to testify as to the personal transactions with the decedent. Williams v. Barret, 52 Iowa 637, 3 N. W. 690; Clinton Sav. Bank v. Underhill, 115 Iowa 292, 88 N. W. 357. As a result, we will give no consideration whatever to the testimony of Mr. Brooks as to the transactions on that day, but will confine ourselves exclusively to the testimony of the witness Nicolls and the appellee.

Their evidence establishes conclusively that on said date William Bohle, Sr. signed and acknowledged the two deeds naming appellee as grantee; that appellee signed and acknowledged the six deeds above referred to wherein she is named as grantor; that Mr. Nicolls acknowledged all of said signatures as a Notary Public at said time, and that during the entire transaction and the conversation in connection therewith appellee was present. Nicolls testified, in reference to instructions from William Bohle, Sr., as follows:

"I cannot tell you exactly in the words of Mr. Bohle just what his instructions were with reference to the holding of these deeds, but his instructions were to the effect that after his death, if his death preceded his wife's, that the two deeds to her to the land in Woodbury and Plymouth Counties were to be recorded by me or the cashier of the bank, and that the others were to be held at the bank until Mrs. Bohle's death when they were to be recorded for the children."

Appellee testified that she was present during the entire

period of time, and said nothing whatever herself. Upon cross examination she testified as follows:

"I signed the deeds because that was my husband's wish. I knew then that my husband wanted these six pieces to go to these particular children. My husband told me he was deeding me the entire farm and I was to deed certain pieces back to the children, and the two deeds to me were to be kept until his death and the six deeds were to be kept until after my death."

She further testified that she and her husband agreed that that should be the disposition of the real estate in order to prevent the expense of probate.

Following this transaction of June 9, 1910, Mr. Nicolls took all eight deeds to the bank, placed the two deeds signed by William Bohle, Sr., in one envelope, and the six deeds signed by appellee, in another envelope. William Bohle, Sr. died December 14, 1910, and on December 20th, following, the officers of the bank filed the two deeds signed by William Bohle, Sr. for record, following which they were delivered to appellee. The remaining six deeds signed by appellee were retained in the bank until the trial of this action.

Appellants offered in evidence the envelope in which the six deeds had been contained, upon which was a written indorsement of instructions relative to said deeds, bearing the signature of J. F. Brooks. Objection was interposed to the offer of this envelope in evidence, based upon the ground that it was irrelevant, immaterial and not binding upon the appellee, as she was not present and had no knowledge of the writing upon the envelope. Apparently the indorsement was placed upon the envelope at the bank in Pierson, the morning after the transaction, in the absence of both William Bohle, Sr. and appellee, and we are therefore satisfied that the objection was proper and should be sustained. In addition thereto, we do not believe that the indorsement upon this envelope is of any evidentiary value, as the same simply consists of the understanding of Brooks and Nicolls of the instructions given by Mr. Bohle; and as is stated in Albrecht v. Albrecht, 121 Iowa 521, 96 N. W. 1087, the understanding of the depository, or the construction he places upon the language used when the instrument is delivered to him does not afford any evidence on the question of the intent of the grantor.

Ever since the death of her husband, appellee has either personally occupied the premises involved, or collected the rents therefrom, and has likewise paid the taxes thereon.

The facts as set out above constitute the entire basis from which the decision in this case must be reached. The action of appellee is based upon her contention that she is the absolute and unqualified owner in fee of the real estate involved. Whatever title she possesses has its origin, and was obtained by her, solely by virtue of the proceedings as hereinbefore set out. The result thereof is that for appellee to prevail, that the facts as above set out must warrant the conclusion that therefrom she acquired an absolute and unqualified fee simple title, and that her son William, Jr. acquired no title whatsoever. It is elementary that any instrument to be effective as a conveyance of real estate must operate to convey a present interest in the real estate, and that the intent of the grantor is the controlling factor in determining whether or not such present interest is conveyed. Wilson v. Carter, 132 Iowa 442, 109 N. W. 886; Lathrop v. Knoop, 202 Iowa 621, 210 N. W. 764; Trask v. Trask, 90 Iowa 318, 57 N. W. 841, 48 Am. St. Rep. 446; Albrecht v. Albrecht, 121 Iowa 521, 96 N. W. 1087; Dolph v. Wortman, 185 Iowa 630, 168 N. W. 252; Goodman v. Andrews, 203 Iowa 979, 213 N. W. 605.

This court has frequently been confronted with the problem of whether or not a present interest in real estate is conveyed where delivery of the instrument has not been made to the grantee, but to a third party with instructions to deliver to the grantee or record on the death of the grantor. Examination of our former pronouncements thereon reveals that where an instrument is so delivered, with no reservation of a right to recall the same, that there is a sufficient delivery. Goodman v. Andrews, supra, and cases cited therein.

The effect of thus placing the instrument in the hands of a third person with instructions to deliver after the death of the grantor is to reserve a life estate in the grantor, with the title immediately passing to the grantee, but with his right to possession and enjoyment postponed until the grantor's death. Goodman v. Andrews, supra; Shaull v. Shaull, 182 Iowa 770, 166 N. W. 301, 11 A. L. R. 15; Foreman v. Archer, 130 Iowa 49, 106 N. W. 372; Kyle v. Kyle, 175 Iowa 734, 157 N. W. 248; Bradley v. Bradley, 185 Iowa 1272, 171 N. W. 729.

986

■ The application of these rules to the facts in the instant case, results in the following situation: William Bohle, Sr., the grantor in the deeds to appellee, delivers them to Mr. Nicolls with instructions to record these deeds following his death, resulting in William Bohle, Sr. reserving to himself a life estate with the remainder interest then passing to the appellee. The appellee being then the owner of the remainder interest, likewise as grantor executes and delivers to Mr. Nicolls the six deeds, likewise instructing him to record them following her death, with no reservation whatever of any right to recall them. This act, on her part, must likewise result in her alienation of the remainder interest to her six children, reserving to herself a life estate. While the appellee herself gave no specific instructions to Mr. Nicolls, as to the retention of these conveyances, and the recording thereof after her death, the evidence is undisputed that she and her husband entered into an agreement and understanding that he was to convey all his real estate to her; the deeds therefor to be recorded after his death; and that she as a part of the same transaction was to convey the same real estate in six tracts to their children in the manner as provided in said six deeds; the deeds therefor to be recorded following her death. Likewise, her conduct in being present, hearing the instructions from her husband to Mr. Nicolls, without a single word or act indicating any disapproval on her part, must result in the instructions given by her husband being not only his instructions but her instructions as well. In view of the entire history as shown herein, it seems to us that this evidence establishes that it was the intention of both Mr. Bohle and the appellee herein to then and there make distribution of Mr. Bohle's real estate by providing a life estate to himself, followed by a life estate in all the real estate to his wife; and the remainder to the six children.

■ It is elementary that in an action to quiet title that plaintiff must recover upon the strength of his title and not upon the weakness of the title of his adversary. The application of this elementary principle of law to the instant case results in an exceptionally contradictory position in so far as appellee is concerned. She bases her entire title upon the identical transaction that she claims defeats the title of her son. The circumstances and the conditions as to whether or not a present interest in the real estate passed at the time of the execution of the

deeds is as applicable to her as it is to her son. If, as maintained by her, the facts and circumstances herein shown must result in a finding that it was her intention that her deeds should not pass any present interest, but should only be effective following her death, then the identical same reasoning must apply to the conveyances that she received from her husband, as the instructions concerning the delivery of the deeds from her husband to her were identical with the instructions as to the delivery of the deeds from her to her children. As the result thereof, if her contention can now be said to prevail, it must follow that the same contention must prevail as to her title; that is that the conveyances from her husband to her did not constitute a conveyance of any present interest, but was purely testamentary, and in that event appellee has entirely failed to establish any title in herself.

Appellee, however, in argument before us contends that appellants concede delivery of the warranty deed from her husband to appellee, and that therefore it is conceded that appellee possessed title. An examination of the separate answer of appellants Brooks and the Farmers Savings Bank of Pierson, Iowa, reveals that in pleading the facts in reference to the delivery of all eight deeds to Mr. Nicolls, that therein is the statement that the said William Bohle, Sr. did then and there make, execute and deliver to the said Anna Bohle warranty deeds whereby he conveyed all his real estate in Woodbury and Plymouth Counties. As to whether that statement singled out in the answer, being part of an allegation setting up the transaction from which appellants claim an escrow agreement resulted, is sufficient to be a conclusive admission, we are not concerned. The appellants J. F. Brooks and Farmers Savings Bank are mere nominal parties as holders of the unrecorded deed from appellee to appellant William Bohle, Jr., and have no interest or claim in the real estate involved. The real party defendant in interest is the son, William Bohle, Jr., and in the separate answer filed by his guardian no such admission is contained as is contained in the separate answer of Brooks and the bank. For that reason, we are satisfied that the obligation of establishing her own title rested upon appellee.

Being satisfied that it was the intention of William Bohle, Sr., and appellee to then convey the remainder interest in Mr. Bohle's real estate to their children, reserving to William Bohle,

Sr., and to appellee life estates therein, it follows that the decree of the trial court must be reversed and this cause remanded with instructions to the trial court to enter decree establishing and confirming a life estate in the premises involved in appellee, with remainder in appellant, William Bohle, Jr.—Reversed and remanded.

SAGER, C. J., and DONEGAN, STIGER, and KINTZINGER, JJ., concur.