SMITH HUXLEY, Appellant, v. JESSIE LIESS et al., Appellees.

No. 44573.

APRIL 4, 1939.

John R. DeWitt, for appellant.

Clifford Powell, for appellees.

BLISS, J.—On August 29, 1932, the appellant, Smith Huxley, owned the land in controversy, an unincumbered fractional eighty acres of land in Montgomery county, and also an adjoining forty acres across the road in Cass county. It was also clear. He also owned another farm of one hundred and forty-two acres in Montgomery county on which there was a mortgage, which he was fearful would be foreclosed, and leave a deficiency judgment, which would be a lien on his unincumbered land. His wife was seriously ill with cancer, and was in need of doctoring and nursing. The defendants are wife and husband, the former being a daughter of the appellant's wife by an

earlier marriage. There were other children of this marriage. The appellant had no childen. The defendants occupied the mortgaged farm. The evidence shows without dispute that on August 28, 1932, he asked the defendants to come to his home, where he told them that he was afraid he might lose his unmortgaged land, and that he would have no home for himself and wife for their remaining years. He was seventy-two years old and his wife was sixty-four years old. He then asked Jessie if she would not take a deed to the fractional eighty as a protection from the threatened deficiency judgment, and to save the home for himself and wife. She demurred somewhat and suggested that someone else take the deed. However, upon the appellant's further insistence, she agreed. Nothing was said about any reservations for the appellant, nor was anything said about a conveyance back to the appellant after the foreclosure was completed. After this meeting, the appellant consulted attorneys, and under his direction they prepared a warranty deed for the conveyance of this land, by the appellant and his wife, to Jessie Liess. It contained no reservations, and recited a consideration of one dollar and other valuable consideration. The attorneys also prepared a written lease, by which the appellees, as lessors, leased the premises, in controversy, to the appellant and his wife, for a term of twenty-five years, from March 1, 1933, but to terminate on the death of both the appellant and his wife. The lease appears to have been the common form, known as the Ellsworth lease. The only rent stipulated in the lease was the payment of the taxes for the year 1932, and each year thereafter, during the term. On the following day, the appellees met at the home of the appellant. There were present the appellant and wife, their lawyer, who was also a notary public, and the appellees. The deed was signed by the appellant and his wife, and they and the appellees signed the lease. The execution of both instruments was duly acknowledged by their makers before the notary. There was nothing said by anyone about any reservations, conditions, or contingencies relative to the transfer of the land. The instruments contained the whole agreement. The appellant testified:

"Yes, I told Mr. DeWitt to have this recorded at once. He took it to Attorney Bryant—Mr. Bryant was the attorney and Mr. DeWitt was the Notary—so he took it to Mr. Bryant

and Mr. Bryant sent it to Red Oak to be recorded and returned to Mr. Bryant to be taken the proper care of. They kept it until the institution of this law suit. I think they have it yet. Yes, I gave a copy to Mr. and Mrs. Liess. Yes, the revenue department came later and claimed there should be a revenue stamp on the deed. They was made out through an oversight. I put $5.00 of revenue stamps on the deed and had it re-recorded. I immediately took it right back on the same afternoon to Mr. DeWitt's office to have him take care of this deed. The second recording was in August, 1935. Three years after the original transfer.''

The instructions and the delivery by the appellant took place in the presence of all of them.

The appellant has had possession of the land ever since and has paid the taxes on it. There is no dispute about the matters above stated. The appellees testified that one of the conditions and considerations of the transfer was that they were to take the appellant's wife into their home and care for her as long as she might live. The appellant denies this. But the appellant's wife was taken to the home of the appellees, a day or so after the above-mentioned transaction, and was cared for by the appellees until her death on December 30th, following. The appellant contributed to the care of his wife and the expense thereof, by having another daughter of his wife assist in her care.

The appellant made no claim that the transaction was not as related herein, until the summer of 1937, when, through his attorney, he demanded that the property be conveyed back to him. When this was refused he brought this action. The trial court denied the appellant any relief and decreed that the appellee, Jessie Liess, had absolute title under the deed, subject to the life use of the appellant.

We fully agree with the trial court. Under this record every element essential to the conveyance of title to land by deed has been established. The appellant relies upon but one point for reversal, and that is ''that there was no delivery of the deed, actual or symbolic, and that there was no existing intention at any time that title was to be transferred.'' No authority which he cites supports his contention. It is also fully refuted by the facts. The signing, acknowledging, delivery, and

acceptance of the deed, are. beyond any question of doubt, under this record.

■ The intent of the grantor is the controlling element in the delivery of a deed. There can be no doubt of the appellant's intention to deliver the deed and to part with title.

■ Acceptance is a necessary element, and it is oftentimes presumed where the conveyance is beneficial to the grantee, and carries no onerous obligations. The appellees need not depend solely upon the presumption, because it is undisputed that she agreed beforehand to accept the deed, and it was executed, and in her presence, was delivered by the appellant to the notary, for her, to be recorded. It was not necessary that the deed be handed to her, or come into her ·possession, either before or after the recording. The fact that the deed was delivered to a lawyer or·notary whom he had employed, and who thereafter retained physical possession of the recorded instrument, does not aid the appellant. Keating v. Augustine, 213 Iowa 1336, 241 N. W. 429. As a matter of fact the notary was acting for all parties. Even though the recorded deed had been returned to and kept by the appellant, it would not better his cause. Robinson v. Gould, 26 Iowa 89. Since the title vested in Jessie Liess, when the deed was delivered to the notary, not even its subsequent destruction would have divested her title. Matheson v. Matheson, 139 Iowa 511, 117 N. W. 755, 18 L. R. A. (N. S.) 1167. If there could be any doubt about the execution, delivery, or acceptance of the deed, the execution of the lease, and the subsequent conduct of the appellant for five years, remove it. A copy of this deed was delivered to Jessie Liess.

■ The original deed was recorded, and even re-recorded, three years later. While recording, in itself, does not constitute delivery, it is evidence of, and creates a presumption of, delivery. This presumption is rebuttable, but it places upon the appellant the burden of proving nondelivery, and this presumption is so strong and persuasive that only clear and satisfactory evidence will overthrow it. Gibson v. Gibson, 205 Iowa 1285, 217 N. W. 852; Robinson v. Gould, 26 Iowa 89; Jones·v. Betz, 203 Iowa 767, 210 N. W. 609, 213 N. W. 282; Johnson v. Lavene, 196 Iowa 471, 192 N. W. 885; Davis v. Hall, 128 Iowa 647, 105 N. W. 122; Tucker v. Glew, 158 Iowa 231, 139 N. W. 565; Robertson v. Renshaw, 220 Iowa 572, 261 N. W. 645;

Browne v. Johnson, 218 Iowa 498, 255 N. W. 862; Burch v. Nicholson, 157 Iowa 502, 137 N. W. 1066.

The deed was executed and delivered without reservations, or subject to recall. The sisters of Mrs. Liess seemed somewhat displeased because they could not share in the property. Some of them testified that their mother said it was the intention that all of the children should share after the life use was exhausted. This alleged remark was made sometime after the transfer. It is a well-known principle that a grantor in a warranty deed cannot by subsequent declarations impeach the title conveyed. Jones v. Betts, supra; Shepherd v. Delaney, 191 Iowa 138, 181 N. W. 753; Mathers v. Sewell, 193 Iowa 35, 186 N. W. 636. Especially is this true when not made in the presence of the grantee.

It is our judgment that the appellant has fallen short of carrying the burden which he has undertaken. He seeks to divest a title that he had acquiesced in for over five years. To do so he must establish a case plain, clear, and decisive. He has not done so. The case of Orris v. Whipple, 224 Iowa 1157, 280 N. W. 617, relied upon by appellant, is not applicable.

Other cases supporting the trial court's decree are Lathrop v. Knoop, 202 Iowa 621, 210 N. W. 764; Goodman v. Andrews, 203 Iowa 979, 213 N. W. 605; Hinson v. Bailey, 73 Iowa 544, 35 N. W. 626, 5 Am. St. Rep. 700; Bohle v. Brooks, 225 Iowa 980, 282 N. W. 351. The decree appealed from is affirmed.— Affirmed.

MITCHELL, C. J., and RICHARDS, SAGER, STIGER, HAMILTON, HALE, OLIVER, and MILLER, JJ., concur.