## ARRINGTON V. MCLEMORE ET AL.

1. **WILLS** : *Probate of  not essential to their validity.*

   A will determines the rights of parties under it, *proprio vigore*, from the death of the testator.  Its probate is necessary to fix the right of  the executor to execute it, to  point out the person authorized to act, and as a basis and pre-requisite to letters testamentary, but is not essential to its validity.  Rights under it are not lost by failure  to probate; and to establish or  protect them the validity of a will may be shown in any court.

2. ———— *Lost—Statute limitations.*

   The statute of limitation is not applicable to proceedings by a *non compos* to establish a will that has been fraudulently concealed.

APPEAL from *Lincoln* Circuit Court in Chancery.

Hon. T. F. SORRELLS, Circuit Judge.

*Carlton & McCain*, for appellant.

*Pindall, contra.*

EAKIN, J. ;

This is a bill by some of  the children of West Arrington, deceased, (the appellees) against his widow and a son, West A. Arrington.  It alleges the intestacy of the deceased, and seeks partition of his estate.  James P. Stanley is also made defendant, concerning whom  it is alleged that he pretends to be the guardian of said West A. Arrington, and as such, "or otherwise," claims some interest in the lands.  The bill states that West A. was declared *non compos* by a pretended order of the Drew county Circuit Court, on the 28th of January, 1874, and that Stanley was subsequently appointed his guardian, but alleges that the proceedings declaring said West A. *non compos*, were void, for reasons stated.

Stanley was allowed, as guardian, to file an answer.  He says that West Arrington left a will, making dispositions of his property, different from that made by law in case of intestacy—the nature of which dispositions are set forth, and

appear, if true, to be in favor of said West A. He says he was duly appointed as guardian of said West A., on the 26th of April, 1876, by the Probate Court of Drew county, of which said ward was a resident, and that he is in fact a lunatic, and that respondent is his next friend. He says that the plaintiff, or Mary S. Arrington, the widow, concealed or destroyed the will, and withheld the same from probate, with the fraudulent intent to defeat the rights of said West A., and that proceedings are now pending in the Probate Court of Drew county by said West A., to have the will probated. A copy of the will is embodied in the answer, and it appears to be duly executed. He makes his answer a cross-bill against complainants and the widow, praying discovery as to the execution of the will, and of their knowledge of it, and that they be compelled to produce it.

The complainants demurred to the answer for divers causes, amounting together to these: That it did not appear thereby that the will was ever duly probated, or that defendant, Stanley, had any authority to act as guardian, or that said West A. had been duly declared *non compos*. They demurred to the cross-bill, because the Circuit Court of Lincoln county, in which the proceedings were had, was not authorized to grant the relief prayed, or to establish the will, or give it effect until it may have been properly probated in Drew county, the residence of deceased. Also because the claim was stale, and barred by the statute of limitations.

The court sustained the demurrer, and Stanley rested. A decree for partition was rendered, and he appealed.

The demurrer admitted that a will had been duly executed, making such disposition of the property as was shown by its terms, as set forth in the copy; that it had been concealed by complainants, or the widow, or destroyed, and that proceedings were pending in the proper tribunal to establish it; that

West A. Arrington had been declared *non compos*, and that defendant had been appointed his guardian; that he was in fact a lunatic, and defendant was his next friend. If the matters were not set up with all recitals and allegations to show their complete validity, yet if the resultant fact, as alleged, implies them, the remedy was by motion to make the answer more definite and certain. The character of defendant, Stanley, as guardian, or next friend of West A., could not be questioned by demurrer. Proper application should have been made, by motion, to have him show his authority, or to have the answer struck from the files. A demurrer questions the sufficiency of the facts set up in the pleadings to constitute a meritorious cause of action or defense. The propriety of allowing the defense to be made by guardian was matter of practice to be determined by the court on facts brought to its knowledge outside of the pleadings—whether they were matters of record or matters *in pais*.

A will determines the rights of parties under it, *proprio vigore*, from the death of the testator. Its probate is necessary indeed to fix the right of the executor to execute it; to point out the person authorized to act, and as a basis and prerequisite to letters testamentary; but is not essential to its validity. Rights under it are not lost by failure to probate; and to establish or protect them the validity of the will may be shown in any court. *Janes et al.* v. *Williams et al.*, 31 Ark., 175.

The facts admitted by the demurrer show that the court should not proceed to partition as of an intestate's estate. If they were false the complainants should have gone to hearing. If true, the bill should have been dismissed.

The cross-bill, or so much of the answer as was meant for such, was such as the Chancellor might decline to entertain in this action.

The subject matter was pending in the Drew county Probate

Court. Perchance the will may be produced and established there; and if it should finally turn out that it has been lost or destroyed by accident or design, it would be better to commence independent proceedings in chancery under the statute,. to establish it, and certify the decree to the Probate Court. clerk.

The statute of limitations does not apply to the case made by the pleadings.

For error in sustaining the demurrer to the answer, the decree must be reversed and the cause remanded for further proceedings consistent with this opinion.