WILLIAM C. WILSON v. J. H. CARTER AND A. W. JOHNSON, SHERIFF, Appellants.

**Deeds:** ESTATE CONVEYED: PRESENT INTEREST. The question of whether a deed, placed in escrow to be delivered upon the death of the grantor, passes a present title must be determined by the intent of the grantor; and this will be gathered from the instrument itself if unambiguous. In the instant case the deed *is held not to have passed a present interest.*
WEAVER, J., dissenting.

*Appeal from Butler District Court.—* HON. C. H. KELLY, Judge.

WEDNESDAY, NOVEMBER 21, 1906.

SUIT to enjoin the defendants from selling real estate under execution. There was a judgment for the plaintiff, from which the defendants appeal.— *Reversed.*

*George A. McIntyre* and *Courtright & Arbuckle,* for appellants.

*J. Y. Hazelett* and *Alfred Grundy,* for appellee.

SHERWIN, J.— Mrs. Mary Wilson was the owner of the S. E. ¼ of section 12, township 91, range 16, in Butler county, Iowa, and on the 12th day of April, 1900, she

executed a warranty deed in the usual form conveying said land to her son, William C. Wilson, the plaintiff in this action. The deed contained the following provision: " This conveyance is placed in escrow and shall be valid to pass the title to said lands upon its delivery to said grantee at or after my [the grantor's] decease, and the payment by grantee, within two years after my decease, of three hundred dollars to Caroline Dow and three hundred dollars to Mary Stigman, daughters of grantor herein; and said sums shall be a lien until paid, their payment being acknowledged by a release of said lien and recorded in the office of the recorder of deeds in Butler county, Iowa. Possession of above land shall pass to grantee on delivery of this deed from escrow on my decease." The deed was inclosed in an envelope by the scrivener, who indorsed on the envelope: " This contains a deed from Mary Wilson to Wm. C. Wilson, of the S. E. ¼ 12 — 91 — 16, in Butler county, Iowa. The deed is placed in the Cedar Falls National Bank in escrow, and to be delivered to Wm. C. Wilson on the death of said Mary Wilson." The envelope containing the deed was immediately delivered to the bank in the presence of the grantor, with a statement from her that " it was all right." More than three years thereafter Mrs. Wilson died without in the meantime having recalled the deed or asserted any further control over it. She left surviving her, as her sole heirs, the plaintiff, Chris. Wilson, another son, and two daughters. On the 3d of October, 1903, the day after Mrs. Wilson's death, the defendant Carter caused execution to issue on a judgment theretofore obtained against the son, Chris. Wilson, and a levy to be made on the land in question. The deed from Mary Wilson to the plaintiff was delivered to the plaintiff on the 6th day of October, following the levy.

The appellee contends, and the trial court evidently so found, that the execution of the deed and its delivery to the bank, and subsequently to him, conveyed the land, to

him *in præsenti,* and that the execution defendant, Chris. Wilson, had no interest therein at any time as the heir of Mary Wilson. This presents for our determination the important question whether the instrument in fact and in law operated to convey a present interest, with the possession and enjoyment thereof postponed until after the death of Mary Wilson, or whether, although a deed in ·form, it was nevertheless ineffective as a conveyance of the land. It is a well-settled rule that, when a deed is deposited with a third person for delivery to the grantee after the death of the grantor, it may, upon delivery to the grantee, pass a present interest. But in this, as in all like cases, the intent of the grantor is the controlling factor, and, where the instrument is unambiguous, such intent must be determined from the language of the instrument itself; hence each case must of necessity be governed by a construction of the particular instrument under consideration. These are familiar rules, which require no citation of cases to support them. Did Mary Wilson intend to pass a present interest in the land? If she did, the instrument will be given effect as a conveyance. If it passed no present interest, but was to be operative only on her death, then it is testamentary in character, and of no effect unless executed with the formalities of a will. *Leaver v. Gauss,* 62 Iowa, 314; *Tuttle v. Raish,* 116 Iowa, 331; *Burlington University v. Barrett,* 22 Iowa, 60. We are of opinion that Mrs. Wilson did not intend to pass a present interest. The instrument expressly recites that it is to be placed in escrow, and in effect declares that it shall not pass title to the land until its delivery to the grantee after her death. The limitation is in all essentials like the language in Leaver v. Gauss, *supra,* which we held did not convey a present interest. Nor is this conclusion inconsistent with the holding in *Saunders v. Saunders,* 115 Iowa, 275, where we held that a statement of intention that the deed should not be effective until after the death of the grantor was simply to reinforce the reservation of a life estate.

Our conclusion that the instrument cannot be given effect as a deed necessarily requires a reversal of the case. It was witnessed by two persons, as required by Code, section 3274; but the plaintiff makes no claim that it is of such testamentary character as to pass title to the plaintiff immediately upon the death of Mrs. Wilson, and we do not decide the question. The judgment must be reversed, and the case is remanded for proceedings not inconsistent with this opinion.— *Reversed.*

WEAVER, J. (dissenting).— Whether the execution of the instrument and its deposit in the bank operated to pass a present interest to the appellee depends upon the intent of the deceased, and the circumstances convince me that she understood and believed that she had thereby made a full present transfer of the title to her son; possession and enjoyment of the property under such conveyance being postponed until her death. Even if the paper is to be regarded as testamentary, I see no good reason why the cause should be remanded and appellee required to go through the form of probating it in order to secure a right which the court has authority to protect under the issues here joined; that is, if the paper is a will, I am of the opinion that it passed an estate to the devisee immediately upon the death of the testatrix, thus leaving no opening for the lien of appellant's judgment, to attach. The will is a valid instrument, independent of the order admitting to probate; such order or judgment being only the statutory method by which the proper execution of such instrument is established. *Olleman v. Kilgore,* 52 Iowa, 38; *Otto v. Doty,* 61 Iowa, 23; *Arrington v. McLemore,* 33 Ark. 759; *Richards v. Pierce,* 44 Mich. 444 (7 N. W. 54).

It follows, I think, that, even if a probate of the instrument is required to perfect the apellee's title, there was nevertheless no interest in the land belonging to the execution debtor, and the trial court correctly held that a sale under the writ should be enjoined.