EVA R. BROWN v. ALMON EDWIN NORTH, BESSIE NORTH,
    his wife, FREDERICK EUGENE NORTH, GUSTAVUS
    ADOLPHUS NORTH, MINNIE GRACE NORTH, JACOB
    ASTOR NORTH and LLOYD NORTH, Appellants.

Deeds: DELIVERY: EVIDENCE: DOWER. The delivery of a deed is largely
1  a question of intent to be gathered from all the facts and cir-
    cumstances.  On an issue as to delivery of a deed executed by
    grantor prior to his marriage, the evidence is reviewed and held
    insufficient to show delivery until after his marriage, and that
    his widow was therefore entitled to her dower interest in the land
    so conveyed.

Partition: TERMS OF SALE: REVIEW OF ORDER.  An order in partition
2  appointing referees and directing a sale for cash if it can be
    made, if not, then partly for cash with balance on time secured
    by a mortgage back on the land, will not be disturbed on appeal;
    especially where the matter is still in the control of the district
    court who may make such further order as the interests of the
    parties may require.

*Appeal from Guthrie District Court.*—HON. J. H.
                    APPLEGATE, Judge.

                MONDAY, FEBRUARY 15, 1909.

    THIS is a suit in equity for the partition of real
estate, the plaintiff claiming as the widow of Thos. J.
Brown, deceased.  There was a decree for the plaintiff,
from which the defendants appeal.—*Affirmed.*

    *Hinkson & Nies* and *J. W. Morris,* for appellants.

    *E. R. Sayles* and *J. R. Mount,* for appellee.

    SHERWIN, J.—Thomas J. Brown died in February,

1907. He was the owner of the land involved in this controversy until some time in the early part of September, 1905, at which time he conveyed it to the defendants herein by a deed, which was duly executed and recorded in Guthrie County. The plaintiff bases this action for partition upon the ground that she was the legal wife of Thos. J. Brown at the time of the conveyance in question, and that she did not join in the deed conveying the land. If this claim be sustained, she was and is entitled, as the widow of Thos. J. Brown, to an undivided one-third interest in said land. The plaintiff claims that she entered into a marriage contract, which was not ceremonial, with Thos. J. Brown, on the 23d of October, 1900, and that thereafter, until the time of his death in 1907, they lived and cohabited together as husband and wife, and that such marriage agreement, followed by cohabitation, constituted a common-law marriage, and that because of such marriage she is entitled to claim an interest in said land as his widow. She further pleads that on the 31st day of October, 1905, a ceremonial marriage between her and Thos. J. Brown was solemnized, and that at the time of said second marriage Thos. J. Brown was the owner of the real estate in question; he having at that time never executed a completed conveyance thereof. The trial court found that there had been no delivery of the deed in question, nor any intention to deliver the same prior to the ceremonial marriage to which we have referred, and that the plaintiff was entitled to a one-third interest in the land in question, and a partition thereof was ordered by a sale of the premises. The appellants have appealed from this finding of the trial court. The trial court further found against the plaintiff's claim that there had been a common-law marriage in 1900, and from this finding the plaintiff appeals.

We shall first discuss the question of the delivery of the deed. As we understand the record, the defendants

are grandchildren of the deceased, Thos. J. Brown, and at
the time of the execution and delivery of
the deed in question they were all residents
of Kansas. ˙ The deed was signed and ac-

1. DEEDS: deliv-
ery: evidence:
dower.

knowledged on the 27th day of June, 1905, and remained
in the physical possession of the grantor, Thos. J. Brown,
until the 2d day of September, 1905, when it was deliv-
ered to the proper officers of the county to be recorded.
It was entered by the auditor of the county for taxation
on the same day, and thereafter, on the same day, it was
duly filed for record in the recorder's office and recorded.
After it had been recorded it was taken from that office
by the grantor, Thos. J. Brown, and he kept it in his
possession until the 8th of September, 1905, at which time
he inclosed it with a letter to some of the grantees, the
defendants herein.   A recitation of the above facts con-
cerning the making, recording and delivery of the deed
would, in themselves alone be sufficient to sustain the plain-
tiff's claim that there had in fact been no delivery of the
deed prior to the ceremonial marriage, on the 31st of Au-
gust, 1905; but, to overcome the force of these circum-
stances, the appellants rely upon certain letters, which the
record shows were written to some of them by the deceased
during the summer and fall of 1905, and prior to the 31st
day of August, and upon a letter claimed to have been
written by him, but lost after its receipt, and further upon
a transaction between one of the defendants herein, Almon
Edwin North, and the deceased, alleged to have taken
place some time about the 25th of August, 1905, from
which the conclusion is sought to be established that the
deed in question was then delivered to Almon Edwin
North for himself and his co-grantees.

It would be impossible, within the proper limits of
this opinion, to set out the material portions of the corre-
spondence relied upon, or to give extended portions of the
evidence which it was claimed supported the contention of

delivery prior to the 2d of September, 1905, and hence
we shall state only our conclusions from a careful reading
and consideration of all the testimony in the case. While
some of the letters from Thos. J. Brown to some of these
defendants, or to their parents, clearly indicate an inten-
tion on his part to make them a gift of some of the land
in the future, there is not in the whole correspondence a
word from which an inference may be drawn that he in-
tended to make a present gift. His letters all refer to
action that he may take in the future and do not signify
that the gift will be made, if made at all, at any particu-
lar time. The transaction and the conversation claimed
to have taken place between Almon Edwin North and the
deceased in August, 1905, even if considered as proven
by competent testimony, fall far short of sustaining the
appellant's claim of a delivery of the deed at that time,
or of showing an intention to make a delivery at that time.
On the contrary, there is much in the transaction as
related, when it is considered in connection with the
grantor's subsequent acts and the letter written by him
to the appellants which accompanied the deed, showing a
clear intent on the grantor's part, not to make an im-
mediate delivery of the deed. That Almon E. North un-
derstood that the deed was not delivered to him in Au-
gust when he was at his grandfather's in Guthrie County
is indicated by his letter to his grandfather acknowledg-
ing the receipt of the deed. Moreover, there is undisputed
evidence in the record that after the visit of said North
in August, 1905, Brown leased the land to a third party,
and in all respects treated it as his own, which he could
not, and probably would not, have done had he delivered
the deed, or intended a delivery thereof, at the time of
Almon E. North's visit to him. In addition to this, it
is conclusively shown by the uncontradicted evidence that
on the day before the ceremonial marriage between the
plaintiff and Brown, and after their marriage, he asked

her to sign the deed so that her interest in the land would be released. Mr. Brown was at that time a man past seventy years of age. He had had large business experience, and was then, and had been for many years, the owner of considerable real property, most of which was rented, and all of which he had immediate charge of. It is to be presumed that he knew the law governing the rights of Mrs. Brown as his wife, and it would certainly be a violent presumption to say that he did not know that, if he had delivered the deed to Almon E. North, it would have made a complete conveyance of the land, and that, so far as the ceremonial marriage between him and the plaintiff was concerned, she could claim no interest in the land as his widow. The question whether or not there had been a delivery of a deed is one largely of intent, which intent is to be gathered from the facts and circumstances surrounding the transaction in connection with the positive proof. This principle of law is thoroughly settled in this and other jurisdictions, but see *Forman v. Archer,* 130 Iowa, 49; *Kneeland v. Cowperthwaite,* 138 Iowa, 193; *Criswell v. Criswell,* 138 Iowa, 607. Bearing this in mind as applied to the testimony in this case, we are thoroughly convinced that there was no delivery of the deed in the case prior to the 31st day of August, 1905, and that the trial court rightly found the plaintiff entitled to an interest in the land in question as the widow of Thos. J. Brown.

Our conclusion on this branch of the case really makes it unnecessary to consider the question raised on the plaintiff's appeal, and we shall enter upon no extended discussion thereof. We may properly say, however, that were it necessary to determine the question, we should hesitate long before reaching the conclusion announced by the trial court. The marriage agreement relied upon by the plaintiff was clearly proven, and it was also clearly proven that the agreement was followed by

cohabitation. It is true that the parties did not occupy the same sleeping apartments during the time, nor did they make generally public the fact of such marriage, but it is shown that the plaintiff lived in one of Brown's houses, and that after said alleged agreement he lived there to all intents and purposes, except that he slept in a room, which he had long theretofore occupied, in one of his business buildings, but the testimony shows that in all other respects there was the cohabitation required by the law to consummate and make effective a common-law marriage.

One other point is raised by the appellants that we shall briefly discuss. The partition was ordered by a sale of the real estate in question, and referees were appointed to appraise and make such sale. The trial court also authorized the referees to make the sale partly on time, if necessary, but required a cash payment of about 40 percent of the price of the land and a mortgage back for the balance, with interest on the deferred payments of 6 percent, the deferred payments, if any, not to run over three years. We see no reason for disturbing the order of the trial court. Of course the referees will sell for cash, if it can be done to advantage. If a cash sale can not be so made, it will be to the best interests of all parties to make some concessions both as to credit and time. Furthermore, the matter is still under the control of the trial court, and such further order may be made as to the sale and the terms thereof as shall seem for the best interests of all parties.

2. PARTITION: terms of sale: review of order.

The judgment of the district court is *affirmed.*