Genevieve Lynn ORUD, Elmer Lee Willers, Dawn Marie Willers, and Connie Alexander, Appellants,

v.

Nancy A. GROTH, Bruce E. Groth, Terry A. Willers, Sharon K. Willers, and IH Mississippi Valley Credit Union, Appellees.

No. 00–1306.

Supreme Court of Iowa.

Oct. 9, 2002.

Jack E. Dusthimer, Davenport, for appellants.

Stephen P. Wing of Dwyer & Wing, P.C., Davenport, for appellees.

CARTER, Justice.

Four of the six children of Candace Dilley, deceased, appeal from an adverse judgment in their action to impose a constructive or resulting trust on real estate (or the proceeds thereof) that was conveyed by Candace to her daughter Nancy Groth during Candace's lifetime. The defendants are Nancy Groth and Candace's son, Terry Willers, their respective spouses, and a mortgagee of the property. In response to defendants' motion for a judgment on the pleadings pursuant to Iowa Rule of Civil Procedure 222 (now rule 1.954), the district court concluded that plaintiffs' petition revealed that there had been a clear and unambiguous conveyance of the property to Nancy Groth without reservations or restrictions and that she was free to deal with the property as she chose.

After reviewing the record and considering the arguments presented, we disagree that plaintiffs' claims could be determined adversely to them as a matter of law based on the pleadings. That was also the conclusion of the court of appeals. Because we disagree with certain other provisions in the court of appeals opinion, we vacate the opinion of that court but, like the court of appeals, reverse the judgment of the district court.

Plaintiffs allege in their petition that Candace Dilley owned the real estate subject to this dispute and lived on the property with Nancy Groth and Nancy's husband. It is alleged that, at Nancy's request, Candace executed a quitclaim deed to herself and Nancy as joint tenants in order that Nancy and her husband could claim a tax deduction for the real estate taxes, which they were paying on Candace's property. This deed was dated May 25, 1990, and was recorded on May 30, 1990. The petition further alleges that, "on or about the same time," Candace authored a letter signed before a notary public and dated May 29, 1990, which provides:

May 29, 1990

TO: Elmer L. Willers
      Terry Willers
      Dawn Willers
      Connie Alexander
      Genevieve Hoffmann
      Nancy A. Groth

Dear Children:

This letter is written as I undertake to transfer ownership of my home at 1505 Canal Shore Drive S.W. LeClaire, Iowa into Nancy's name. I have prepared and am filing a Quit Claim Deed from me, as surviving joint tenant of my husband, Robert Ardel Dilley, to Nancy and me as joint tenants. This Deed will place the property in joint tenancy with Nancy and me.

The purpose of this transfer of the property to Nancy's name is so that she can claim a tax deduction for the real estate taxes and mortgage interest payments. She makes them now anyway and I live with her there and her husband.

I consider the true ownership of the property to be mine and, should Nancy at anytime sell the property, it is my direction and wish that she divide the property proceeds equally with those of you who are surviving.

Wishing the best of luck to all of you I remain your mother.

Love,

/s/Candace M. Dilley

CANDACE M. DILLEY

[notarial seal and signature]

Copies of the quitclaim deed and the letter dated May 29, 1990, were attached to and made a part of plaintiffs' petition.

Plaintiffs allege that, as a result of the intention expressed in this letter, Nancy Groth took the subject property impressed with the trust for the benefit of Candace's six children. The trust, as alleged, would extend to the proceeds from a sale of the property. In addition, it is alleged that Nancy sold the property to Terry Willers for less than a fair consideration and has refused to pay any portion of the proceeds of that sale to plaintiffs. In connection with that transaction, Terry Willers and his wife, Sharon, entered into a purchase-money mortgage with the defendant IH Mississippi Valley Credit Union.

Based on the allegations made, defendants filed a motion for judgment on the pleadings, pursuant to Iowa Rule of Civil Procedure 222 (now rule 1.954). The district court granted that motion. It stated in its ruling:

> Where a deed has been signed, acknowledged and recorded, it is presumed to have been properly delivered, and [one seeking] to attack the deed, assumes the burden to overcome the presumption of delivery, which requires clear and satisfactory proof. It is presumed that delivery was on the date of the deed. This petition has no allegation that the deed was not delivered.
>
> Also, a deed, if delivered, passes title immediately, though the grantor subsequently without consent or acquiescence of the grantee, obtains possession or destroys the deed. A properly delivered deed passes title, even if it is without consideration. An element of an effective delivery is an intent on the part of the grantor to make the passing of the instrument a present transfer of title.

Just as the petition fails to allege a lack of delivery, the defendants argue that the petition also fails to challenge the intent of the grantor to immediately transfer title pursuant to the quit claim deed. The presumption of delivery and intent which accompany the execution of the deed and its recording have not been challenged by the pleadings in this petition.

Plaintiffs filed a motion seeking leave to amend their petition in order to allege a delayed delivery of the deed, but that motion was denied by the district court. The court dismissed plaintiffs' petition on the merits.

The motion for judgment on the pleadings has been part of our rules of civil procedure since their adoption in 1943. The comment of the advisory committee that drafted the rule states, in part, "[t]he motion hereunder is limited to points arising on the pleadings, and uncontroverted therein. It is not aided by evidence...." In commenting on the rule, we have stated that judgment on pleadings is appropriate only when pleadings, taken alone, entitle a party to judgment, and if matters outside the pleadings are to be considered, this requires a motion for summary judgment. *Hurd v. Odgaard*, 297 N.W.2d 355, 356 (Iowa 1980); *see also Roush v. Mahaska State Bank*, 605 N.W.2d 6, 8–9 (Iowa 2000).

■ When, as here, a defendant makes a motion for judgment on the pleadings prior to answer challenging the sufficiency of the allegations to sustain a claim for relief, the court should view the motion in the same manner as a motion to dismiss under former rule of civil procedure 104(b) (now rule 1.421(1)(*f*)). We have consistently held that, in order to sustain such motions, it must be shown that no state of facts is conceivable under which plaintiffs might establish a right to relief. *E.g., Below v. Skarr*, 569 N.W.2d 510, 511 (Iowa 1997); *Holsapple v. McGrath*, 521 N.W.2d 711, 712–13 (Iowa 1994). If we apply this test to defendants' motion in the present

case, we are satisfied that it must be denied.

■ In ruling favorably to defendants on their motion, the district court drew an adverse conclusion from a failure of the petition to allege the time of delivery of the deed. The court correctly observed that, if the deed were executed and delivered to Nancy prior to Candace communicating to her that the interest she was receiving was impressed with a trust for the benefit of all of Candace's children, then it would have been beyond Candace's power to impose such conditions on Nancy. On the other hand, if delivery of the deed did not occur until after Nancy had been made aware of conditions under which she was receiving title to the property, the plaintiffs have stated a valid claim for impressing a trust on the property, the proceeds, or both. It was not necessary for plaintiffs to allege the time of delivery of the deed from Candace to Nancy. That may be a matter of proof at trial.

■ To effectuate transfer of title under a deed, there must be delivery, actual or symbolical, accompanied with the intention of the grantor to transfer title without any reservation of control. *Lathrop v. Knoop*, 202 Iowa 621, 623, 210 N.W. 764, 765–66 (1926); *Tutt v. Smith*, 201 Iowa 107, 110–11, 204 N.W. 294, 295–96 (1925). The intent of the grantor is controlling in the matter of delivery and is to be determined by the grantor's acts or words or both. *Klosterboer v. Engelkes*, 255 Iowa 1076, 1080, 125 N.W.2d 115, 117 (1963). For valid delivery the grantor must intend the deed to be presently effective as a transfer without any reservation of control. *Id.* A duly executed and recorded deed ordinarily raises a rebuttable presumption of delivery with the present intent of passing immediate title and the right of possession. *Avery v. Lillie*, 260 Iowa 10, 15, 148 N.W.2d 474, 477 (1967). However, the recording of a deed does not necessarily constitute delivery if the facts and circumstances indicate that the grantor's intention was otherwise. *Deere v. Nelson*, 73 Iowa 186, 188–89, 34 N.W. 809, 810 (1887).[1]

■ The methods for creating a trust include the following:

> A trust may be created by
>
> . . . .
>
> (b) a transfer inter vivos by the owner of property to another person as trustee for the transferor or for a third person; or
>
> . . . .
>
> (e) a promise by one person to another person whose rights thereunder are to be held in trust for a third person.

Restatement (Second) of Trusts § 17 (1959). In describing what type of memorandum is required to establish a trust, the Restatement provides:

> A memorandum properly signed is sufficient to satisfy the requirements of the

1. The district court may have been misled by statements contained in *Wilson v. Carter*, 132 Iowa 442, 444, 109 N.W. 886, 887 (1906), suggesting that the grantor's intention as to delivery must be determined by the language of the instrument itself. That statement is inconsistent with several other cases in which we have declared that delivery of a deed is a question of intent to be determined from both the deed itself and the facts and circumstances attending its execution. *See In re Bell's Estate*, 150 Iowa 725, 729–30, 130 N.W. 798, 799–800 (1911); *Sheldon v. Crane*, 146 Iowa 461, 475, 125 N.W. 238, 244 (1910); *Brown v. North*, 141 Iowa 215, 219, 119 N.W. 629, 630 (1909). The view taken in those cases is preferable because ordinarily a deed does not contain language establishing the time at which it is to become effective. We believe that the conclusions expressed in the *Wilson* case resulted from the fact that the deed in that case did contain language with respect to the time it was to become effective.

Statute of Frauds if, but only if, it sets forth with reasonable definiteness the trust property, the beneficiaries and the purposes of the trust.

Restatement (Second) of Trusts § 46. Comment b to section 47 of the Restatement provides "[a] letter signed by the trustee whether written to the beneficiary or to another person, and whether mailed or not, is sufficient as a memorandum." We believe that the allegations of the petition were sufficient to state a claim for impressing an express trust on the property, the proceeds, or both. In addition, there is a potential for recovery against Nancy under a contractual theory based on the alleged consideration flowing to her in the form of a tax deduction in exchange for her acceptance of the property under conditions of trust.

■ If for any reason a valid express trust is not established, the petition states a claim for impressing a resulting trust on the property. In the Restatement (Second) of Trusts section 404, Introductory Note, at 324, it is stated:

If a person creates an express trust, the inference is that he did not intend that the trustee should have a beneficial interest in the property; and if he had foreseen that the trust would fail ..., he would probably have desired that the trustee should reconvey the property to him.

Earlier in that note it is stated:

A resulting trust is imposed for the purpose of carrying out what it appears from the circumstances under which a disposition of property is made would probably have been the intention of the person making the disposition....

Restatement (Second) of Trusts § 404, Introductory Note, at 324. Under a resulting trust theory the beneficial interest would not revert to the intended beneficiaries but rather to those persons succeeding to Candace's interest under her will or the laws of descent and distribution.

■ Plaintiffs do state a claim under which the beneficial interest might revert to them based on a theory of constructive trust.[2] In order to be successful under that theory, they would have to establish the following conditions:

(1) Where the owner of an interest in land transfers it inter vivos to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed ... and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the third person, if, but only if,

(a) the transferee by fraud, duress or undue influence prevented the transferor from creating an enforceable interest in the third person, or

(b) the transferee at the time of the transfer was in a confidential relation to the transferor, or

(c) the transfer was made by the transferor in anticipation of death.

(2) Except under the circumstances stated in Subsection (1, a, b, c), where the owner of an interest in land transfers it inter vivos to another in trust for a third person, and the transferor's intention to create a trust but not the identity of the beneficiary is properly manifested, and the transferee refuses to perform the trust, the transferee holds the interest upon a resulting trust

---

**2.** A constructive trust is not an actual trust but is simply a legal construct expressing a right to restitution based on unjust enrichment. Restatement (Second) of Trusts § 404, Introductory Note, at 326.

for the transferor [or the transferor's successors in interest].

Restatement (Second) of Trusts § 45. This theory would be available if, under the evidence presented, the memorandum was insufficient to show an express trust.

 Plaintiffs also injected a claim for partition and for rent, which the court of appeals found to be actionable on the pleadings. We do not believe the nature of the alleged limitation on Nancy's interest in the property would give rise to a claim for rent against her or Terry because no possessory interest on plaintiffs' part has been alleged.

 With respect to the partition claim, we can conceive of no basis for a partition of the property at this time. If the district court on remand would subsequently adopt a remedy impressing a trust on the real estate now owned by Terry Willers, a form of partition could conceivably be resorted to in order to provide each beneficiary with that person's proper share. However, partition, as an independent proceeding, is premature at the present time. We agree with the court of appeals conclusion that Iowa Administrative Code rule 701—86.5(8)(*c*) does not furnish a basis for granting relief in the present controversy.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**