**Alan BARKEMA, on behalf of himself and others similarly situated, Appellant,**

**v.**

**WILLIAMS PIPELINE COMPANY, a Delaware corporation, and WorldCom Network Services, Inc., a Delaware corporation, Appellees.**

No. 01–1845.

Supreme Court of Iowa.

July 16, 2003.

Raymond P. Drew of Raymond P. Drew, P.C., Hampton, and Daniel J. Millea, John B. Massopust, and Terrance C. Newby of Zelle, Hofmann, Voelbel, Mason & Gette, L.L.P., Minneapolis, MN, for appellant.

Paul E. Horvath of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellee Williams Pipeline Company.

Paul E. Horvath of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, Thomas F. O'Neil III and V. Nicole Bynum; and David A. Handzo and J. Alex Ward of Jenner & Block, L.L.C., Washington, DC, for appellee WorldCom Network Services, Inc.

NEUMAN, Justice.

This is an appeal by the plaintiff, Alan Barkema, who was an unnamed plaintiff in previous class action litigation involving the defendants in this case, WorldCom and Williams Pipeline Company. That litigation ended with a settlement which Barkema now challenges, arguing the notices sent to plaintiffs in the previous litigation did not comport with the requirements of due process. Finding no due process violation, we affirm.

## I. Background Facts and Proceedings.

The facts are undisputed. In the 1930s and 1950s, a large number of Iowa landowners granted easements allowing defendant Williams Pipeline Company (WPL) and its predecessors in interest to install and maintain underground pipelines for the purpose of carrying gas and oil. In the 1980s WPL granted defendant World-Com the right to place fiber optic cable in one of the pipelines no longer being used to transport petroleum products.

When property owners realized that fiber optic cable had been installed under

their property, they instituted a class action suit alleging WPL and WorldCom trespassed on their land and breached their easements. A Notice of Pendency of Class Action was sent to each affected landowner of record. The parties to the original action negotiated a settlement. Notices regarding both the settlement and what is known as a "fairness hearing" were sent to all members of the class, including Barkema. After the hearing, the district court approved the settlement. Members of the class were paid $0.76 per linear foot of pipeline running under their land. Class members also had the option of receiving an additional $250 payment for voluntarily amending their easements to allow fiber optic cable to be placed in the pipelines. Class members who did not execute an amended easement did not receive the $250 and judgments were entered against them amending the easement. Barkema executed an amended easement and received payment for it in addition to the $0.76 per linear foot.

In 1999, Barkema and other landowners involved in the class action learned that fiber optic cable had been installed in the second pipeline running under their land. Barkema filed this class action suit to have the previous judgment set aside on the basis of fraud or due process violations. WPL moved for summary judgment and WorldCom moved for judgment on the pleadings. The district court granted both motions, reasoning the fraud claim was time barred and the requirements of due process had been met.[1] Barkema appeals only the court's ruling on the due process issue.

---

1. In its ruling, the court characterized World-Com's motion for judgment on the pleadings as a motion to dismiss. When a motion for judgment on the pleadings is made prior to an answer denying the allegations in the petition, the court should view the motion for judgment on the pleadings as a motion to dismiss.

## II. Scope of Review.

We review the grant of summary judgment for correction of errors at law. *Keokuk Junction Ry. v. IES Indus., Inc.*, 618 N.W.2d 352, 355 (Iowa 2000). Summary judgment is only proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984).

We likewise review motions to dismiss for errors at law. *Bauman v. Maple Valley Cmty. Sch. Dist.*, 649 N.W.2d 9, 12 (Iowa 2002). Such a motion is properly sustained only when there exists no conceivable set of facts entitling the non-moving party to relief. *Orud v. Groth*, 652 N.W.2d 447, 450 (Iowa 2002).

## III. Issue on Appeal.

The only question on appeal is whether the notices sent to class members in the first class action fulfilled the requirements of due process. Two notices are at issue—the Notice of Litigation and the Notice of Settlement. Barkema contends both notices were insufficient because they failed to notify class members that the litigation and settlement involved both pipelines running under the plaintiffs' properties.

*A. Litigation notices.* Barkema concedes, as he must, that class members received notice of the litigation. He merely argues the notice was constitutionally insufficient to apprise them that both pipelines were at issue.

*Orud v. Groth*, 652 N.W.2d 447, 450 (Iowa 2002). Because WorldCom filed its motion for judgment on the pleadings before answering Barkema's petition, the district court properly considered it a motion to dismiss. *Id.*

The Description of the Lawsuit contained in the Notice of Pendency of Class Action included the following information.

In the mid–1980's, Defendant, Williams Pipe Line Company ("WPL"), which in the 1960's had taken an assignment of Great Lakes Pipe Line Company's easement rights, installed fiber optic cables in a pipeline located under your property that was previously used to, but does not currently, transport petroleum products. The other Defendant in this case, [WorldCom], operates a fiber optic communications network using those fiber optic cables. For most landowners along this route, there is another pipeline owned by WPL running under the land. *That pipeline is still being used to transport petroleum products.*

This class action lawsuit challenges the Defendants' rights to install and maintain the fiber optic cables under your land and under other Iowa land subject to similar easements originally granted to Great Lakes Pipe Line Company. The claims in the case are that the Defendants are in breach of the easement agreement and are trespassing on your property by using this petroleum pipe to house fiber optic cables.

(Emphasis added.)

■ It is axiomatic that due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). In the class action context, the notice must (1) reach the parties affected, and (2) "convey the required information." *In re Nissan Motor Corp.*, 552 F.2d 1088, 1103 (5th Cir.1977).

■ There is no dispute here that affected parties received notice. Barkema merely maintains that due process was violated because the notice contained "incomplete" and "false" information, i.e., that the second pipeline was not at issue. The problem with this argument is that the notice did not say the second pipeline was not at issue. It merely stated the second pipeline was still used to transport petroleum, and there is no evidence that was not true at the time of the litigation.

Plainly the notice of litigation alerted the landowners that the easement on their land for petroleum pipelines was at issue. The notice also explained that the defendants were accused of trespassing and breaching their easements. Finally, the notice supplied an address and telephone number to call to receive additional information. Thus the parties knew that a class action was pending, the nature of it, and that they were given the opportunity to exclude themselves from the proceedings. Due process requires no more.

■ *B. Settlement notice.* Barkema also challenges the Notice of Proposed Settlement. The settlement notice gave essentially the same description of the lawsuit as the Notice of Pendency of Class Action. Barkema takes issue with the following additional language contained in the document:

> For most landowners along the pipeline route, another pipeline owned by WPL runs under the land. That pipeline is still being used to transport petroleum products *and it is not involved in this lawsuit.*

(Emphasis added.) Barkema argues this description violated due process because it, too, was "false" and "incomplete." His argument rests on the fact that the easement for both pipelines was amended in the settlement, and therefore both pipelines *were* involved in the lawsuit.

The district court rightly rejected Barkema's argument. To meet the requirements of due process, notice of settlement in a class action lawsuit merely must provide enough information to allow "class members rationally to decide whether they should intervene in the settlement proceedings or otherwise make their views known, and if they choose to become actively involved, to have sufficient opportunity to prepare their position." *Reynolds v. Nat'l Football League,* 584 F.2d 280, 285 (8th Cir.1978). Stated another way, "the notice of settlement must be sufficiently detailed to permit class members to determine the potential costs and benefits involved, or at least whether additional investigation into the matter would be an efficient use of their time." *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1153 (8th Cir.1999).

It is significant that, in addition to the language quoted above, the settlement notice contained a description of the monetary compensation each plaintiff would receive. Pertinent to Barkema's claim, the notice explained that plaintiffs could voluntarily amend their easements in exchange for $250. If that option was not exercised, class members were further advised the court would enter judgment amending the easement and the plaintiff would not receive $250. It is true that copies of the amended easements were not included with the notice. But the notice also gave the date, time and place of the fairness hearing and directed plaintiffs to inspect the settlement agreement or other litigation filings if they had any questions.

We are convinced, as was the district court, that the notice of settlement gave the class members ample information to decide whether additional research would be wise or useful. It "unquestionably alerted the recipients that they were members of a pending class action, that a settlement had been proposed, and that they had the right to state their objections at a fairness hearing." *Petrovic,* 200 F.3d at 1153. Given the notice's reference to monetary compensation for easements related to the pipeline, any possible inconsistency in another portion of the notice regarding whether one or both of the pipelines was involved should have alerted recipients to investigate the matter further. Barkema and the other plaintiffs evidently failed to do so. *See id.* (specific formula used to figure individual awards not required in settlement notice where class members "could easily acquire more detailed information" through telephone number provided). In any event the challenged statement, standing alone, is far from sufficient to warrant upsetting the judgment on due process grounds.

Because the notices in the original litigation met the requirements of due process, the district committed no error in dismissing the plaintiff's suit.

**AFFIRMED.**