[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
Plaintiff-appellant, Tiffany Mosher, appeals from the district court order dismissing her claims against defendants-appellees, the State of Iowa, the Department of Inspections and Appeals, and four named state employees. She contends the court erred in determining the individual defendants were entitled to dismissal based on immunity and in dismissing her claims against the State and the agency. We affirm.
I. Background
This case comes to us following the grant of a motion to dismiss. "We view the plaintiff's allegation[s] `in the light most favorable to the plaintiff with doubts resolved in that party's favor.'" Rees v. City of Shenandoah,682 N.W.2d 77, 79 (Iowa 2004) (quoting Soike v. Evan Matthews Co., 302 N.W.2d 841, 842 (Iowa 1981)). The record reveals the following facts. In May of 2000, the Department of Inspections and Appeals found the plaintiff had committed dependent adult abuse. Following an evidentiary hearing in December, an administrative law judge issued a proposed decision that plaintiff be held to have committed dependent adult abuse by financial exploitation. In March of 2001, the agency adopted the proposed decision as its final decision. On judicial review, the district court reversed the agency decision. The supreme court affirmed on appeal, determining the agency had incorrectly interpreted the term "dependent adult" as used in Iowa Code chapter 235B and its findings that plaintiff was a "caretaker" and the alleged victim was a "dependent adult" were not supported by substantial evidence. See Mosher v. Dep't ofInspections and Appeals, 671 N.W.2d 501, 518-19 (Iowa 2003).
In July of 2004, plaintiff filed a claim with the State Appeals Board alleging damages arising from her placement on the dependent adult abuse registry. In February of 2005, she withdrew her claim in preparation for filing the suit giving rise to this appeal. In May, plaintiff filed her petition and jury demand. In June, defendants filed a motion to dismiss. Following written responses and a hearing, the district court granted the motion to dismiss in late December of 2005. This appeal followed the dismissal.
II. Scope and Standards of Review
Our review of a district court's ruling on a motion to dismiss is for correction of errors at law. Iowa R. App. P. 6.4;Mlynarik v. Bergantzel, 675 N.W.2d 584, 586 (Iowa 2004). "A motion to dismiss is properly granted `only when there exists no conceivable set of facts entitling the non-moving party to relief.'" Rees, 682 N.W.2d at 79 (quotingBarkema v. Williams Pipeline Co., 666 N.W.2d 612, 614
(Iowa 2003)). "Under notice pleading, nearly every case will survive a motion to dismiss." Id. (citing Smith v.Smith, 513 N.W.2d 728, 730 (Iowa 1994)). A dismissal at this stage of the proceedings must rest on legal grounds.Trobaugh v. Sondag, 668 N.W.2d 577, 580 (Iowa 2003). Claims of immunity may be resolved by a motion to dismiss.See Brumage v. Woodsmall, 444 N.W.2d 68, 70-71 (Iowa 1989) (affirming dismissal based on immunity); see alsoHunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 536,116 L. Ed. 2d 589, 595 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.").
III. Discussion
In a thorough and carefully-reasoned decision, the district court separately evaluated the claims against the State, the Department of Inspections and Appeals, and the named individuals. It concluded the claims against the Department must be dismissed because Iowa Code section 669.16 prohibits suits against a state agency in its own name. See Iowa Code §§ 669.16 (2005) ("[T]he authority of any state agency to sue or be sued in its own name shall not be construed to authorize suits against such state agency on claims as defined in this chapter."). It concluded the claims against the four individual state employees must be dismissed because the employees were entitled to absolute immunity. The court concluded plaintiff's claim against the State was "the functional equivalent of abuse of process or malicious prosecution" and should be dismissed under section 669.14(4).
We find no error in the district court's analysis, reasoning, and conclusions and adopt them as our own. We find no merit in plaintiff's argument that absolute immunity does not apply because her placement on the abuse registry was "executive action" rather than quasi-judicial or quasi-prosecutorial action. The petition makes no allegation the defendants named were involved in such executive action. We affirm the district court's dismissal of plaintiff's suit.
AFFIRMED.