# IN THE SUPREME COURT OF IOWA

No. 23–0866

Submitted March 20, 2024—Filed April 19, 2024

**WILLIAM AND MARY GOCHE, LLC; GLOBAL ASSETS, LLC;** and **JOSEPH GOCHE,**

Appellants,

vs.

**KOSSUTH COUNTY BOARD OF SUPERVISORS** in their capacity as Trustees of Drainage Districts 4, 18, and 80, **ROGER TJARKS, PAM WYMORE, KYLE STECKER, JACK PLATHE, GENE ELSSBECKER, GALEN CASEY, DONNIE LOSS, DON MCGREGOR,** and **DON BESCH,**

Appellees,

and

**BOLTON & MENK, INC.,**

Appellee.

Appeal from the Iowa District Court for Kossuth County, John M. Sandy, Judge.

Plaintiffs appeal the dismissal of their claims for punitive damages arising out of administration of drainage districts. **AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which all justices joined. McDermott, J., took no part in the consideration or decision of the case.

Joel D. Vos (argued) and Zack A. Martin of Heidman Law Firm, P.L.L.C., Sioux City, and Samuel L. Blatnick of Lucosky Brookman LLP, New York, New York, for appellants.

Robert W. Goodwin (argued) of Goodwin Law Office, P.C., Ames, for appellees Kossuth County Board of Supervisor et al.

Stephen Buterin (argued) and Jeffrey W. Coleman of Coleman & Erickson, LLC, Eden Prairie, Minnesota, for appellee Bolton & Menk, Inc.

**MCDONALD, Justice.**

William and Mary Goche, LLC; Global Assets, LLC; and Joseph Goche (collectively "Goche") own land in three different drainage districts in Kossuth County. The Kossuth County Board of Supervisors administers each of the three drainage districts. Goche believed that the board of supervisors administered the drainage districts to injure him specifically. He brought this suit against the board of supervisors, current and former supervisors, and engineering firm Bolton & Menk, Inc. He asserted claims for breach of fiduciary duty and sought punitive damages for the defendants' alleged breaches. The defendants moved to dismiss the claims, and the district court granted the motions. Goche filed this appeal. In this appeal, Goche abandons his breach of fiduciary duty claims and instead contends he is entitled to proceed against the defendants on a stand-alone cause of action for punitive damages. We disagree. Punitive damages are a form of damages available to a plaintiff incidental to a recognized cause of action and not a freestanding cause of action. We therefore affirm the judgment of the district court.

Article I, section 18 of the Iowa Constitution empowers the legislature to "provide for the organization of drainage districts, vest the proper authorities with power to construct and maintain levees, drains and ditches and to keep in repair all drains, ditches, and levees heretofore constructed under the laws of the state." The legislative provisions for the creation, administration, and dissolution of drainage districts are contained in Iowa Code chapter 468 (2022). "A drainage district is an area of land, set out by legal proceedings, which is subject to assessment for drainage improvements within the area." *Fisher v. Dallas County*, 369 N.W.2d 426, 428 (Iowa 1985). "Its affairs are managed by the county board of supervisors in a representative capacity." *Id.*; *see also* Iowa Code § 468.126. "Once the district's original construction has been completed and

paid for, the district may be placed under the management of a board of trustees." *Fisher*, 369 N.W.2d at 428; *see also* Iowa Code § 468.500. The board of trustees are "elected by the persons owning land in the district that has been assessed for benefits." Iowa Code § 468.500(1)(*a*).

According to the first amended petition, Goche owned land in drainage districts 4, 18, and 80. The Kossuth County Board of Supervisors administered all three drainage districts. Goche alleged the board of supervisors, the current supervisors, and several former supervisors took adverse actions against Goche for the specific purpose of inflicting financial injury upon him. For example, Goche claimed the supervisors forgave the assessment of another landowner in the drainage district for the purpose of increasing the assessment against Goche. He also claimed the supervisors engaged in unlawful billing practices. By way of another example, Goche alleged the supervisors hired engineering firm Bolton & Menk to provide a knowingly false report that Goche had illegally tiled one of his properties. The amended petition set forth numerous other allegations of misconduct, but we need not recount each of them to resolve this appeal.

Goche asserted six claims against the defendants. Against the Kossuth County Board of Supervisors and the individual supervisor defendants, Goche asserted claims for breach of fiduciary duty, conspiracy to breach fiduciary duty, and aiding and abetting a breach of fiduciary duty, all arising out of the administration of the drainage districts. Against defendant Bolton & Menk, Goche asserted claims for breach of fiduciary duty, conspiracy to breach fiduciary duty, and aiding and abetting a breach of fiduciary duty, all arising out of the engineering services Bolton & Menk provided to the drainage districts. Goche sought punitive damages against each of the defendants. The defendants moved to dismiss the claims against them. They argued that they owed no

fiduciary duty to Goche as an individual landowner within the drainage districts. In two separate orders, the district court granted the motions to dismiss.

On appeal, Goche has changed course. He no longer presses his claims for breach of fiduciary duty, conspiracy to breach fiduciary duty, and aiding and abetting breach of fiduciary duty. Instead, he argues that "even if the persons managing drainage districts or those employed on their behalf owe no fiduciary duty to individual landowners, the existence of a confidential relationship is not required to recover punitive damages against persons who willfully and wantonly disregard the rights of another." In short, Goche argues that punitive damages is not merely a form of damages awarded incidental to an underlying cause of action but is a stand-alone cause of action.

Putting aside the issue of whether error was preserved on Goche's punitive-damages-as-cause-of-action-theory, *see State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing error preservation to affirm district court on the merits), Goche's argument is without merit. This court has repeatedly explained that "punitive damages do not constitute a distinct 'cause of action.' Rather, they are a form of relief incidental to the main cause of action." *In re Est. of Vajgrt*, 801 N.W.2d 570, 574 (Iowa 2011); *see also Campbell v. Van Roekel*, 347 N.W.2d 406, 410 (Iowa 1984) (en banc) ("Punitive damages are merely incidental to the main cause of action."); *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979) ("Exemplary damages are awarded as punishment and as a deterrent to the wrongdoer and others. They are not recoverable as of right and are only incidental to the main cause of action."); *Sebastian v. Wood*, 66 N.W.2d 841, 844 (Iowa 1954) (stating punitive damages "are not recoverable as a matter of right and are only incidental to the main cause of action"). Goche conceded this very point in a motion filed in the district court, stating that "[p]laintiffs could not simply plead a count for 'punitive damages.'" He recognized the

requirement that "the petition must identify an underlying cause of action for which punitive damages are available." That was and is a correct statement of the law in Iowa.

Goche nonetheless contends on appeal that this case is different because there is statutory authorization to bring an independent claim for punitive damages. Goche relies on Iowa Code section 468.526A, which provides that a "trustee is not personally liable for a claim" exempted under the Iowa Municipal Tort Claims Act "except a claim for punitive damages." The Code further provides that "[a] trustee is not liable for punitive damages as a result of acts in the performance of a duty under this chapter, unless actual malice or willful, wanton, and reckless misconduct is proven." *Id.* In Goche's view, the statute allows him to assert a claim for punitive damages against the supervisor defendants because they allegedly acted with actual malice or willful, wanton, and reckless misconduct. We disagree. Section 468.526A does not apply in this case. Section 468.526A concerns the liability of a "trustee" for districts administered by an elected board of trustees. *Id.*; *see also id.* §§ 468.500(1), .527A. The three drainage districts at issue in this case are administered by the board of supervisors and not an elected board of trustees.

Goche also relies on Iowa Code section 670.12. That section provides that "[a]ll officers and employees of municipalities are not personally liable for claims which are exempted under section 670.4, except claims for punitive damages." *Id.* The supervisor defendants are officers within the meaning of the statute, *see id.* § 670.1(1), (3), but the statute does not do what Goche contends. Iowa Code section 670.2 imposes liability on municipalities "for its torts and those of its officers and employees." Iowa Code section 670.4 limits the imposition of liability by immunizing municipalities for "claim[s] for punitive damages" unless "imposed by the express statute dealing with such claims." *Id.* § 670.4(1)(*e*). Iowa

Code section 670.12 immunizes the officers and employees of municipalities to the same extent as municipalities, except the statute allows officers and employees of municipalities to be held liable for punitive damages where "actual malice or willful, wanton and reckless misconduct is proven." Section 670.12 permits officers and employees of municipalities to be subject to punitive damages but only where a cause of action permitting punitive damages already exists. The statute does not create a stand-alone claim for punitive damages untethered from any recognized cause of action.

Goche concedes the defendants owed him no fiduciary duty in the administration of the drainage districts or in providing engineering services to the drainage districts. Because there is no stand-alone cause of action for punitive damages, dismissal of his claims was warranted because "there exists no conceivable set of facts entitling the non-moving party to relief." *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) (quoting *Barkema v. Williams Pipeline Co.*, 666 N.W.2d 612, 614 (Iowa 2003)). We affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except McDermott, J., who takes no part.